437 So.2d 46 (1983)
Mary Ezell COWAN, et al.
v.
FORD MOTOR COMPANY.
No. 54983.
Supreme Court of Mississippi.
September 7, 1983.
Melvin & Melvin, Leonard B. Melvin, Jr., Sarah L. Entrekin, Laurel, for appellants.
*47 Watkins & Eager, H.H. Whitworth, Michael W. Ulmer, Jackson, for appellee.
Before BROOM, P.J., and DAN M. LEE and PRATHER, JJ.
BROOM, Presiding Justice, for the court:
Certified to us by the United States Court of Appeals for the Fifth Circuit is this cause, asking us to decide the following question:
May a nonresident plaintiff utilize Mississippi's courts to sue a foreign corporation qualified to do business and actually doing business in Mississippi for an accident which occurred outside Mississippi and which had no relation to the foreign corporation's business activities in Mississippi when the statute of limitations of the state in which the plaintiff resides and in which the accident occurred has barred the claim in that state?
The matter is a diversity tort suit, filed in Federal District Court in the Southern District of Mississippi, arising from a fatal accident which occurred in the state of Texas. None of the individual parties reside in Mississippi but the defendant, Ford Motor Company, is expressly authorized to do business in Mississippi, actually does business in this state, and has in Mississippi for service of process a designated agent on whom process was served in this cause. The Federal District Court declined to assume jurisdiction and dismissed the case. On appeal, the Fifth Circuit held that under Mississippi law our state courts would have jurisdiction over the cause of action. Cowan v. Ford Motor Co., 694 F.2d 104 (5th Cir.1982). On petition for rehearing, Ford has asked the Fifth Circuit to reconsider its decision, and before us for construction is Mississippi Code Annotated § 15-1-65 (1972), which provides as follows:
§ 15-1-65. Action barred in another jurisdiction barred here.
When a cause of action has accrued in some other state or in a foreign country, and by the law of such state or country, or of some other state and country where the defendant has resided before he resided in this state, an action thereon cannot be maintained by reason of lapse of time, then no action thereon shall be maintained in this state.
In certifying the question to us, the Fifth Circuit notes that "this question was addressed in the earlier part of this century, see Louisiana & Mississippi R. Transfer Co. v. Long, 159 Miss. 654, 131 So. 84 (1930), ... ."
We think that in the present case we should decline to rule on the question certified to us for the following reasons: (1) the chief issue which we are asked to rule upon involves the construction of a statute of Mississippi, which we have previously ruled upon; and (2) the case before us does not involve any matter of great public interest presenting any unique or unusual legal problem not already decided by this Court. Accordingly, we respectfully decline to rule upon the question presented. Blanchard v. Engine and Gas Compressor Services, Inc., 371 So.2d 265 (La. 1979) (mem.).
CERTIFICATION DECLINED.
PATTERSON, C.J., WALKER, P.J., and ROY NOBLE LEE, BOWLING, HAWKINS, DAN M. LEE, PRATHER and ROBERTSON, JJ., concur.