494 So.2d 576 (1986)
Jeffrey Owen WHITE
v.
MALONE PROPERTIES, INC. and Carroll D. Malone, d/b/a Malone Construction Company.
No. 55195.
Supreme Court of Mississippi.
September 24, 1986.
*577 David C. Frazier, Gordon, Myers & Frazier, Pascagoula, and Wayne A. Burnett, Jackson, for appellant.
Alben N. Hopkins and Lisa P. Dodson, Hopkins, Logan, Vaughn & Anderson, Gulfport, for appellees.
En Banc.

ON PETITION FOR REHEARING
GRIFFIN, Justice, for the Court:
The opinions rendered in this cause on March 12, 1986, are withdrawn and the following is substituted as the opinion of the Court:
The appellant filed a common law action in the Circuit Court of the First Judicial District of Harrison County, seeking damages for injuries incurred in Louisiana while employed by the appellees. The Circuit Judge, in a well written opinion, sustained a motion for summary judgment in favor of the appellees and made the following findings of fact:
Appellant was a resident citizen of the state of Mississippi; appellee Malone Properties, Inc. was a Mississippi corporation and appellee Carroll D. Malone was a resident citizen of the state of Mississippi; appellant was employed by appellees at the time of his alleged injury on or about June 20, 1977; appellant sustained the alleged injury in the course and scope of his employment; on or about June 20, 1977, appellant and his wife were living in the state of Louisiana and were working in the state of Louisiana; appellant was hired by appellees in Louisiana to work in Louisiana, worked for appellees in Louisiana exclusively and was paid by appellees in Louisiana; appellant's alleged injury was sustained in Louisiana and he was treated for the alleged injury in Louisiana; appellees had a policy of insurance issued by Fireman's Fund Insurance Company covering workmen's compensation claims with an effective period of September 1, 1976, to September 1, 1977, and various worker's compensation claims were paid under this policy to employees working in Louisiana for appellees; appellant's wife had full knowledge that appellees were covered by worker's compensation insurance, and no worker's compensation claim was ever made for appellant's alleged injury on appellees or on Fireman's Fund Insurance Company; and appellees were not domiciled in Louisiana but were doing business in Louisiana and own more than $25,000.00 in immovable property in Louisiana.
The judge's findings are amply supported by the evidence (depositions and affidavits). The only issue worthy of note in this case is the application of Louisiana's Worker's Compensation Act.
This Court has determined the question. First, in an unanimous opinion written by Judge Brady in Bethlehem Steel Company v. Payne, 183 So.2d 912 (Miss. 1966), and next in an unanimous opinion by Judge Jones in L. & A. Construction Co. v. McCharen, 198 So.2d 240 (Miss. 1967). In Bethlehem Steel, supra, Payne filed an action in the Chancery Court of Harrison County suing for benefits under Louisiana's Worker's Compensation Act. There, as here, the time to apply for benefits had expired under Louisiana's statutes. Payne was employed by Bethlehem Steel at the Michoud plant near New Orleans. The plaintiff was a resident of Mississippi but was employed in Louisiana on a permanent basis and was not there on any temporary assignment. Bethlehem Steel was qualified to do business in Mississippi.
In Bethlehem Steel, the Court stated:
Louisiana Revised Statutes, Title 23, section 1031.1 (1974) reads in part as follows:
D. All claims for disablement arising from an occupational disease are forever barred unless the employee files a claim with his employer within four months of the date of his contraction of the disease or within four months of the date that the disease first manifested itself.

*578 ... .
Louisiana Revised Statutes, Title 23, section 1032 (1964) provides:
The rights and remedies herein granted to an employee or his dependent on account of a personal injury for which he is entitled to compensation under this Chapter shall be exclusive of all other rights and remedies of such employee, his personal representatives, dependents, or relations.
Judge Brady quoted with approval Stumberg, Conflict of Laws p. 148 (3d ed. 1963), as follows:
Another exception which is frequently made in the decisions exists where a statute which creates a right, in the same enactment provides for the time within which suit is to be brought. In such cases a majority of the courts have taken the position that the limitation qualifies the right so that unless suit is brought within the time allowed under the foreign statute, no suit may be brought at the forum, even though the time there may be longer.
The Court continued:
In the case of Louisville & N.R. Co. v. Dixon, 168 Miss. 14, 20, 150 So. 811, 812 (1933), which was an action under the Louisiana Compensation Law, this Court held:
Thus there is introduced, as applicable to the rights of action given by the compensation statutes, the rule that, where a statute creates a right of action which did not exist under the common law and the same statute fixes the time within which action or proceedings to enforce the same may be begun, the time so fixed is not a mere statute of limitations, but is an integral part of the right thus created, is a substantive condition, so that, after the time fixed in the statute, the right to institute an action thereunder becomes extinct, not only in the state which created the right, but everywhere else.
The chancellor's finding in favor of the claimant was reversed and decree was entered here for the appellant.
In L. & A. Construction Co., supra, Tennessee's Worker's Compensation Act was construed, and the same result was reached as in Bethlehem Steel. Restatement, Conflict of Laws section 400 at 488 (1934) was quoted with approval, as follows:
No recovery can be had under the Workmen's Compensation Act of a state if neither the harm occurred nor the contract of employment was made in the state.
Argument is made that the center of gravity test should be applied. We are unable to find where such an approach is applied to worker's compensation cases. In L. & A., supra, we find the following:
Moreover, the rights, remedies, and procedure provided by the compensation laws are exclusive; and matters relating to compensation claims are governed exclusively by the provisions of the acts, and are not controlled by general rules of procedure applicable in cases in law or equity, except as specifically provided.
198 So.2d at 243.
The center of gravity rule was first recognized by this Court in Mitchell v. Craft, 211 So.2d 509 (Miss. 1968), and probably more appropriately called the "most substantial relationship rule". Since it is obvious from the facts as found by the Circuit Judge that Louisiana has the "most substantial relationship" to the action alleged in this cause, then the laws of that state must be applied. Louisiana provided the plaintiff a remedy, an exclusive remedy, and this Court cannot correct his error in not pursuing what Louisiana provided for him.
There is no need for further elaboration on the law applicable to the facts in the case sub judice, however, in order to delineate the purpose of this opinion, the holdings in Bethlehem Steel, supra, and L. & A. Construction Co., supra, remain intact, and nothing is considered except the applicability of the Louisiana Worker's Compensation Act. Specifically, we do not consider Mississippi Code Annotated § 15-1-65 *579 (1972) nor in any manner disturb the cases there annotated, or Cowan v. Ford Motor Co., 437 So.2d 46 (Miss. 1983), an opinion in response to a question certified to this Court by the United States Court of Appeals for the Fifth Circuit. § 15-1-65 is concerned only with non-resident defendants who may move to Mississippi after the accrual of an action against them in the state or country of their former residence. Here both Malone and the corporation bearing his name were subject to suit in Mississippi at the time of the alleged accident. Any reiteration or modification of that statute would be better undertaken in a case in which the statute is the crux of the matter.
AFFIRMED.
WALKER, C.J., ROY NOBLE LEE and HAWKINS, P.JJ., and DAN M. LEE and ANDERSON, JJ., concur.
ROBERTSON and PRATHER, JJ., specially concur.
SULLIVAN, J., not participating.
ROBERTSON, Justice, concurring:

I.
I concur unreservedly in the result reached by the majority affirming as it does the judgment below dismissing the complaint of Jeffrey Owen White. With respect, I suggest that en route to that result my colleagues in the majority commit two major errors in their understanding of and conceptualization of the controlling principles of law.
First, the question of whether we will enforce in this state the exclusiveness of liability provisions of the Louisiana Workers' Compensation Act is a garden variety choice of law question. It ought be resolved via application of our center of gravity doctrine adopted by this Court in 1968 and followed without deviation since that time. For reasons I do not understand, the majority finds controlling precedent in Bethlehem Steel Company v. Payne, 183 So.2d 912 (Miss. 1966) and L & A Construction Co. v. McCharen, 198 So.2d 240 (Miss. 1967). These cases reach a result consistent with today's. But as choice of law cases, they proceed upon principles we discarded in 1968 and to which we have not since given the time of day.
Reliance upon Bethlehem Steel and L. & A. Construction in a 1986 choice of law case is as about as sound as reliance upon Ptolemaic astronomy after Copernicus. It is like arguing for a post-Einstein resurrection of Euclidian geometry because in a given instance Euclidian principles produce a satisfactory result. To use a more lawyer-like metaphor, what the majority does today is analogous to a federal court in a 1986 diversity case[1] relying upon pre-Erie[2] federal precedents to furnish the rule of decision on a question of state law. In such a case I doubt any knowledgeable lawyer would suggest that, because the pre-Erie case reached a consistent result, that case was authoritative precedent in the post-Erie era.
Second, the majority resurrects a conceptual distinction between rights and remedies I have long regarded as nonsense and had thought well on its way to the junk-heap of discarded legal fictions. I refer here to the notion that, in a choice of law/statute of limitations context, the forum state take seriously whether the foreign jurisdiction conceptualizes the running of the limitations period as extinguishing the right, thus precluding the action everywhere, or merely barring the remedy, leaving the right available to be sued upon in any other state having jurisdiction of the matter. My target is the majority's quotation from Bethlehem Steel which in turn quotes from Louisville & N.R. Co. v. Dixon, 168 Miss. 14, 20, 150 So. 811, 812 (1933). It would seem on principle that if an action is time barred in the state which *580 furnishes the center of gravity, it should be held time barred everywhere.

II.
A bit of flesh should be added to my premises.
To begin with, this action was wholly within the subject matter jurisdiction of the circuit court  it may not be seriously argued to the contrary. The complaint sounds in tort and charges negligence, matters which when well pleaded (as here) are sufficient to bring a case within the subject matter jurisdiction of any circuit court of this state. Luckett v. Mississippi Wood, Inc., 481 So.2d 288, 290 (Miss. 1985); see also, Penrod Drilling Co. v. Bounds, 433 So.2d 916, 924 (Miss. 1983) (Robertson, J., concurring). Matters such as domicile of the parties and where the tort occurred may affect the resolution of questions of in personam jurisdiction, venue and choice of law. Logically, they may not implicate subject matter jurisdiction. In the present context the choice of law inquiry is outcome determinative.
White's only practical hope on this appeal is that he might somehow persuade this Court that his claim is controlled wholly by Mississippi law, including our familiar six year statute of limitations on tort claims, Miss. Code Ann. § 15-1-49 (1972), and that his claim is not barred by the limitations or exclusiveness of liability sections of the Mississippi Workers' Compensation Act. Miss. Code Ann. §§ 71-3-9 and -35 (1972).
If Louisiana law applies, White's plight is hopeless as a workers' compensation claim  Louisiana law presents him the twin barriers of an exclusiveness of liability clause L.S.A.-R.S. 23:1032, As Amended By Acts 1976, No. 147; see also Malone & Johnson, 14 La.Civ.L.Tre. § 361 (1980) and a two year statute of limitations. As a tort claim for negligence, White fares no better under Louisiana law for there he confronts a wholly valid and enforceable one year statute of limitations. 15 LSA-C.C. 3492 (Supp. 1985)[3].
Two decades of undisturbed precedent mandate that today's choice of law question may only be decided by a proper application of our familiar center of gravity test, first applied by this Court in tort cases in 1968. Mitchell v. Craft, 211 So.2d 509, 512 (Miss. 1968); Fells v. Bowman, 274 So.2d 109, 112-113 (Miss. 1973); Boardman v. United Services Automobile Ass'n., 470 So.2d 1024, 1030-31 (Miss. 1985). This Court's adoption of the center of gravity test in Mitchell, 211 So.2d 509 (Miss. 1968) and Craig v. Columbus Compress & Warehouse Co., 210 So.2d 645 (Miss. 1968) represented a major reformulation of choice of law doctrine in this state. The traditional rule of lex loci  the law of the place  was effectively abandoned. Since that time we have employed the center of gravity analysis in every choice of law case coming before this Court. See Kountouris v. Varvaris, 476 So.2d 599, 605-07 (Miss. 1985), and cases cited in Boardman v. United Services Automobile Assn., 470 So.2d 1024, 1030-31 (Miss. 1985). For this reason, pre-Mitchell and pre-Craig cases, no matter how similar to a given case under consideration on their facts or on the questions of law presented, are of little or no precedential value and should be cited and relied upon with great caution.
This test directs that we inquire regarding the extent of the contacts the competing states, Louisiana and Mississippi, have with the parties and the action. The significant contacts here appear as follows: (1) White was a resident of Louisiana before he accepted the job with Malone Properties. (2) White was hired in Louisiana. (3) White worked exclusively in Louisiana while employed by Malone Properties. (4) White's injury occurred while on the job in Louisiana. (5) White was treated for and hospitalized for this injury in Louisiana. (6) Malone Properties, Inc. and Carroll D. Malone d/b/a Malone Construction Company *581 were doing business in Louisiana. (7) The insurance was paid in Louisiana. (8) Jeffrey and Ida Mae White considered Mississippi home. (9) Malone also does business in Mississippi.
A balance of these significant contacts makes it apparent that Louisiana furnishes the center of gravity. Under our law, therefore, Louisiana law is appropriate for application. White was not hired in Mississippi nor was he employed regularly in Mississippi at the time of his accident. Rather, at the pertinent times he was permanently assigned to work in Louisiana and was in fact working there at the time of his injury. Because his claim is barred under the exclusiveness of liability provision of the Louisiana Workers' Compensation Act, it is barred when asserted in Mississippi under whatever guise.

III.
To the extent that this case is precluded under either of the Louisiana statutes of limitations cited above, note by analogy Miss. Code Ann. § 15-1-65 (1972), which provides:
When a cause of action has accrued in some other state or in a foreign county, and by the law of such state or country, or of some other state and country where the defendant has resided before he resided in this state, an action thereon cannot be maintained by reason of lapse of time, then no action thereon shall be maintained in this state.
Though Malone does not appear to have resided in Louisiana in the sense contemplated by Section 15-1-65, the principle embedded in that statute as a matter of elementary legal reasoning compels the view that White's action should be held barred. See J.L. Teel Co., Inc. v. Houston United Sales, Inc., 491 So.2d 851, 857 (Miss. 1986).
We are urged that the Louisiana limitations rule applicable here is procedural and hence not enforceable in this state. Candor requires acknowledgement that in years past we have given the label "procedural" to some statutes of limitations. See, e.g., Bethlehem Steel Company v. Payne, 183 So.2d 912, 916 (Miss. 1966); Dunn Construction Co. v. Bourne, 172 Miss. 620, 628, 159 So. 841, 843 (1935). Reflection produces the recognition that the label is misleading and the source of much forum shopping mischief.
The argument pressed here proceeds on the assumption that there are in the law of the fifty states of this nation two types of statutes of limitations radically different in their nature. One is said to be attached to the right so that the running of the limitations period extinguishes right; hence, the right may not be sued upon anywhere. See, e.g., Louisiana & Nashville Railroad Company v. Dixon, 168 Miss. 14, 20-21, 150 So. 811, 812 (1933). Such limitations statutes are labeled substantive. The other type of limitations statute is said to bar the remedy only, leaving the right available for suit in any other state that might be persuaded to accept jurisdiction. Louisiana & Mississippi Railroad Transfer Company v. Long, 159 Miss. 654, 666, 131 So. 84, 88 (1930). Louisiana, we are told, has this latter type of statute of limitations.
The idea that some limitations statutes extinguish the right while others bar only the remedy is the height of judicial legerdemain, nonsense in every respect.[4] It has been roundly condemned by the commentators. Goodrich, Conflicts of Laws § 85 at 152-53 (4th ed. 1964).
The theory that limitations laws affected the remedy only and not the substantive right, though generally accepted, was unrealistic; time and again it was pointed *582 out that a right that was no longer legally enforceable was not much of a legal right and that claims valid under the law that created them and which violated no strong public policy of a sister state ought to be given full faith and credit in the sister state.
Leflar, The New Conflicts-Limitations Act, 35 Mercer L.Rev. 461, 462 (1984). See, Lorenzen, The Statute of Limitations and The Conflict of Laws, 28 Yale L.J. 492 (1919); Vernon, Statutes of Limitations in the Conflict of Laws: Borrowing Statutes, 32 Rocky Mt.L.Rev. 287 (1960). Grossman, Statutes Of Limitations And The Conflict of Laws: Modern Analysis, 1980 Ariz.St.L.J. 1 (1980).
It has never been satisfactorily shown why a suit should be permitted if it cannot be maintained under the law to which the forum looks as a model.
Sedler, The Erie Outcome Test As A Guide To Substance And Procedure In The Conflict Of Laws, 37 N.Y.U.L.Rev. 813, 847 (1962).
What the forum state should regard as important is that the suit is time barred under the law of the foreign state, not notions of whether this state or that regards the limitations rule as substantive or procedural, nor whether the foreign state's bar extinguish the right or merely the remedy. What is  and should be  outcome determinative here is that the lawsuit is time barred in the foreign state.
The most articulate case from a sister state addressing the point is Heavner v. Uniroyal, Inc., 63 N.J. 130, 305 A.2d 412 (1973). See also Myers v. Cessna Aircraft Corp., 275 Or. 501, 553 P.2d 355 (1976); and Air Products & Chemicals, Inc. v. Fairbanks Morse, Inc., 58 Wis.2d 193, 206 N.W.2d 414 (1973). These non-Mississippi authorities  persuasive as they are  need not be pursued, for our center of gravity doctrine, augmented by the principle embedded in Section 15-1-65, ought be sufficient unto this day. Nothing in the wording of Section 15-1-65 provides that statutes of limitations are procedural or that there is any cognizable distinction between limitations statutes which extinguish the right and those which merely bar the remedy. To the extent that our prior cases have placed these glosses upon the statute, they have erred.[5]
A more fundamental inquiry may in this context be substituted for the unworkable substance  procedure dichotomy. Is the choice of local (Mississippi) or foreign (Louisiana) rule one which may influence substantially the choice of the forum selected by the plaintiff? Cf. Hanna v. Plumer, 380 U.S. 460, 469, 85 S.Ct. 1136, 1142, 14 L.Ed.2d 8, 15 (1965). Where the answer to this question is in the affirmative  as is obviously the case here  the law that ought to be enforced is that of the state in which lies the center of gravity, regardless what state may be persuaded to accept jurisdiction of the case.
This state has a legitimate interest in discouraging forum shopping, particularly where we are the shoppee. More specifically, we have an interest in seeing that our overcrowded dockets are not further clogged by actions the center of gravity of which lies in another state and where the plaintiff's obvious attraction to this state is our relatively lenient statutes of limitations. Compare Henry v. Richardson-Merrell, Inc., 508 F.2d 28, 32 (3d Cir.1975). Section 15-1-65 is a valid expression of these interests. If the fair and evenhanded administration of justice be our collective goals, we would regard it unseemly that, absent powerful counterveiling considerations, a given action may have different outcomes depending upon which state's courts furnish the forum. Cf. Guaranty Trust Co. v. York, 326 U.S. 99, 109, 65 *583 S.Ct. 1464, 1470, 89 L.Ed. 2079, 2086 (1944).[6]
This is an action whose outcome should, to maximum extent feasible, subject only to the vindication of important local judicial interests regarding the management and conduct of the trial (and subject, or course, to the vagaries of the trial process itself), be the same wherever it be heard. As the claim arose in Louisiana and as that state furnishes the center of gravity, we should enforce the law which would have been enforced had the action been brought in Louisiana. This is particularly so, as there have been identified here no legitimate Mississippi interests which would be compromised by our doing so. Under Louisiana law, as explained above, the action is barred. For these reasons, I concur in the result announced by the majority.
PRATHER, J., joins in this opinion.
NOTES
[1] By a "diversity" case I mean one in which the federal court has jurisdiction by reason of diversity of citizenship. 28 U.S.C. § 1332.
[2] Here, of course, I refer to the 1938 decision in Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).
[3] Comments (a) and (b) to Art. 3492 explain that the liberative prescription for delictual actions has been one year since 1870. The changes in the wording effective January 1, 1984, are only explanatory in effect and do not change the law.
[4] Federal courts sitting in Mississippi have been vigorous in propagation of the right-remedy distinction I suggest be condemned. See, e.g., Price v. Litton Systems, Inc., 607 F. Supp. 30, 31-32 (S.D. Miss. 1984); Cummings v. Cowan, 390 F. Supp. 1251, 1254 (N.D.Miss. 1975). Judge Dan Russell perceived in Fieldman By Fieldman v. Roper Corp., 586 F. Supp. 936 (S.D.Miss. 1984) that the court was enforcing an "abstract semantical difference", 586 F. Supp. at 938. The same court had earlier bought the distinction hook, line and sinker. Steele v. G.D. Searle and Company, 422 F. Supp. 560 (S.D.Miss. 1976).
[5] Nothing said in Cowan v. Ford Motor Company, 437 So.2d 46 (Miss. 1983) is at odds with what we say here. In Cowan we merely declined to accept certification of a Section 15-1-65 question posed by the United States Court of Appeals for the Fifth Circuit. A declination of certification imports no opinion on the merits of the question posed. What the Fifth Circuit may have done thereafter, see Cowan v. Ford Motor Company, 719 F.2d 785 (5th Cir.1983), likewise places no constraints upon our construction of Section 15-1-65.
[6] The citation to Guaranty Trust Co. v. York above by no means suggests approval of any outcome determinative test with all of its demonstrated inadequacies. See Hanna v. Plumer, 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965); Walters v. Inexco Oil Co., 440 So.2d 268, 273 (Miss. 1983). Rather, Guaranty Trust is the watershed case in American jurisprudence heralding the beginning of the end of the practice of labeling statutes of limitations "procedural" in a choice of law context.