James A. McVICAR, Plaintiff-Appellant,

v.

STANDARD INSULATIONS, INC., Armstrong World Industries, Inc., et al., Defendants-Appellees.

No. 86–3398.

United States Court of Appeals, Eleventh Circuit.

Aug. 19, 1987.

**921**

Richard P. Warfield, J. Michael Papanto-nio, M. Robert Blanchard, Levin, Warfield, Middlebrooks, Mabie, Thomas, Mayes & Mitchell, Pensacola, Fla., for plaintiff-appellant.

Daniel P. Mitchell, Mitchell, Alley, Rywant & Vessel, P.A., Tampa, Fla., for Raymark.

Raymond T. Elligett, Shackleford, Farrior, Stallings, & Evans, Tampa, Fla., for other defendants-appellees.

Before JOHNSON and CLARK, Circuit Judges and MORGAN, Senior Circuit Judge.

CLARK, Circuit Judge:

This is an appeal from a summary judgment decision in an asbestos product liability action. We must decide whether the statute of limitations of Mississippi or Florida controls this action. The district court applied Florida's four-year statute of limi-

tations and dismissed the action on the basis of an opinion by the Mississippi Supreme Court that has since been withdrawn. The withdrawal requires us to reverse the decision below.

Plaintiff James A. McVicar filed his complaint in federal court in Mississippi four years and six months after he first learned that he had asbestosis. Subsequently, the action was transferred from the Northern District of Mississippi to the Northern District of Florida under 28 U.S.C. § 1404(a) (1982). If Mississippi's six-year statute of limitations governs this action, McVicar's claims may proceed to trial. No factual dispute exists and we review the legal question *de novo. Crockett v. UniRoyal, Inc.,* 772 F.2d 1524, 1529 (11th Cir.1985).

The transferee court must apply the law of the state in which the transferor court sits. *Van Dusen v. Barrack,* 376 U.S. 612, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964). This principle clearly applies to conflicts between statutes of limitations. *Id.* at 629–33, 84 S.Ct. at 816–17. As the Supreme Court has stated,

in cases ... where the defendants seek transfer, the transferee district court must be obligated to apply the state law that would have been applied if there had been no change of venue. A change of venue under § 1404(a) generally should be, with respect to state law, but a change of courtrooms.

*Id.* at 639, 84 S.Ct. at 821 (footnote omitted). Thus, the district court in Florida must apply the same law that the Mississippi court would have had the venue not been changed.

Although Mississippi generally applies the substantive law of the state that has the most significant relationship to the cause of action, it applies its own law in procedural matters, including statutes of limitations. *See, e.g., Davis v. National Gypsum Co.,* 743 F.2d 1132, 1134 (5th Cir. 1984); *Kershaw v. Sterling Drug, Inc.,* 415 F.2d 1009, 1011 (5th Cir.1969).[1] The excep-

1. In *Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir.1981) (en banc), this court adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981. *Id.* at 1209.

tion to this general rule, made for cases where the period of limitations is considered part of the substantive law because it extinguishes both the remedy and the underlying legal right, *see, e.g., Price v. Litton Systems, Inc.,* 784 F.2d 600, 605 (5th Cir.1986), does not apply to the statute of limitations in question. *See* Fla.Stat. §§ 95.031(2), 95.11(3). Furthermore, we find no evidence of a jurisdictional or venue defect which might defeat application of Mississippi's procedural rules. *See Cowan v. Ford Motor Co.,* 713 F.2d 100, 104 (5th Cir.) (question certified) (presuming that Mississippi courts make transfers solely when appropriate), *answer to question certified,* 437 So.2d 46 (Miss.1983), *subsequent opinion,* 719 F.2d 785 (5th Cir.1983).

Mississippi has used the "center of gravity" test to determine which *substantive* rules of decision control diversity actions since 1968. *Boardman v. U.S. Automobile Assoc.,* 470 So.2d 1024, 1030–31 (Miss. 1985) (certified questions answered) (emphasis added), *subsequent opinion,* 768 F.2d 718 (5th Cir.), *cert. denied,* 474 U.S. 980, 106 S.Ct. 384, 88 L.Ed.2d 337 (1985). Appellees suggest that we certify to the Mississippi Supreme Court the question of whether the state would apply this test to determine which statute of limitations applies.[2] However, we find the answer clear and perceive no need for certification. In *White v. Maline Properties, Inc.,* No. 55,-195 (Miss. Mar. 12, 1986) (unpublished opinion) (*White I*), the Mississippi Supreme Court considered whether it could entertain an action seeking damages for injuries incurred during employment in Louisiana. The time to apply either for benefits under Louisiana's Workers' Compensation Act or for relief under state tort law had expired. The court used the center of gravity test to determine the applicable statute of limitations, considering whether the litigation had the most substantial contacts with Louisiana or Mississippi. The court concluded that Louisiana provided the center of gravity and that the action was therefore time-barred.

*White I* would have controlled this case had it not been withdrawn and replaced with *White v. Malone Properties, Inc.,* 494 So.2d 576 (Miss.1986) (*White II*), six months later. In *White II,* the Mississippi Supreme Court held only that Louisiana's compensation law provided the employee's exclusive remedy. Because the law created both the right and the time frame within which suit is to be brought, "the limitation qualifies the right so that unless suit is brought within the time allowed under the foreign statute, no suit may be brought at the forum, even though the time there may be longer." *Id.* at 578 (citation omitted). As discussed above, the case before us does not fall within the exception made for cases where the statute of limitations is considered an integral part of the relevant substantive law.

■ *White II* indicates that Mississippi has declined to adopt the "center of gravity" test to determine when its procedural rules apply. We conclude that Mississippi continues (1) to use this test only to decide whether its substantive rules of decision control the action in question; and (2) to apply its own law in procedural matters, absent an exception mentioned above. Thus, Mississippi would permit its six-year statute of limitations to control this action. Under this period of limitation, McVicar's action was timely. Thus, we reverse the district court's grant of summary judgment and remand the case for trial.

REVERSED and REMANDED.

---

**2.** The Mississippi Supreme Court's Rule 46 permits certification by any circuit court of appeals.