**Kevin BELL, Plaintiff,**

v.

**GENERAL MOTORS CORPORATION and John Doe 1–30, Defendants.**

**Civil Action No. 1:97cv82GR.**

United States District Court,
S.D. Mississippi,
Southern Division.

June 24, 1997.

---

Kathryn N. Nester, Kitchens & Ellis, Jackson, MS, Richard R. Mannausa, Lopatin, Miller, Freedman, Bluestone, Herskovic, Heilmann and Domol, Southfield, MI, for Plaintiff.

Kyle H. Dreyer, Brian K. Gary, Hartline, Dacus, Dreyer & Kern, Dallas, TX, Joseph H. Ros, Jess Hays Dickinson, Page, Mannino, Peresich, Dickinson & McDermott, Gulfport, MS, for Defendant.

## MEMORANDUM OPINION

GEX, District Judge.

This cause is before the Court on the motion for summary judgment [8–1] filed by the defendant, General Motors Corporation [GMC]. After due consideration of the evidence of record, the briefs of counsel, the applicable law, and being otherwise fully advised in the premises, the Court finds, as set forth below, that the motion should be granted.

### Statement of Facts

The historical facts of this case are essentially undisputed. The instant cause of action accrued in Rayville, Louisiana, on October 28, 1994, where the plaintiff, Kevin Bell, sustained injuries while sitting in his 1984 Pontiac Trans Am when it reportedly caught fire. The vehicle at issue was manufactured by GMC. Bell, a Louisiana resident at the time, failed to file a complaint against GMC within Louisiana's one-year prescriptive period for tort claims. In February 1996, Bell purchased real property in Harrison County, Mississippi, but remained a permanent resident of Louisiana. In March 1996, approximately five months after his claim was barred under Louisiana law, Bell filed a claim against GMC in the State of Michigan, alleging that GMC was liable for his injuries. On July 29, 1996, a Michigan judge dismissed Bell's complaint under that state's borrowing statute because Bell's claim had already expired in Louisiana. Also in July, Bell moved his family to Mississippi, where he established his permanent residence. Bell filed the instant action on January 12, 1997, over two years after his cause of action had accrued and expired in Louisiana.

### Standard of Review

A grant of summary judgment is warranted when, viewed in the light most favorable to the nonmoving party, "[t]he pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED.R.CIV.P. 56(c); *Behrens v. Pelletier*, 516 U.S. 299, 116 S.Ct. 834, 840, 133 L.Ed.2d 773 (1996); *Howlett v. Birkdale Shipping Co., S.A.*, 512 U.S. 92, 114 S.Ct. 2057, 2061, 129 L.Ed.2d 78 (1994); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). "[S]ummary judgment ... is mandated where the facts and the law will reasonably support only one conclusion." *McDermott Intern., Inc. v. Wilander*, 498 U.S. 337, 356, 111 S.Ct. 807, 112 L.Ed.2d 866 (1991) (citation omitted).

### Legal Analysis

█ It is undisputed that Bell's lawsuit against GMC is barred by Louisiana's one-year prescriptive period for tort or "delictual actions." *See* LA.CIV.CODE ANN. art. 3492 (West Supp.1997); *Gary v. Camden Fire Ins. Co.*, 676 So.2d 553, 555 (La.1996). The sole issue before this Court is whether the instant cause is also barred by the current version of Mississippi's "borrowing statute," which reads as follows:

§ 15–1–65. **Action barred in another jurisdiction barred here.** When a cause of action has accrued outside of this state, and by the laws of the place outside this state where such cause of action accrued, an action thereon cannot be maintained by reason of lapse of time, then no action thereon shall be maintained in this state; provided, however, that where such a cause of action has accrued in favor of a resident of this state, this state's law on the period of limitation shall apply.

MISS.CODE ANN. § 15–1–65 (Supp.1996). Bell contends that he may invoke the exception, even though the cause of action accrued and expired in Louisiana. Bell cites no case that supports his construction of section 15–1–65. Bell concedes that the Mississippi Supreme Court has not decided the issue.

As the Court is duty bound to apply Mississippi law, the Court applies the rules of construction adopted by Mississippi's highest court:

> In considering a statute passed by the legislature, the first question a court should decide is whether the statute is ambiguous. If it is not ambiguous, the court should simply apply the statute according to its plain meaning and should not use principles of statutory construction. Whether the statute is ambiguous, or not, the ultimate goal of this Court in interpreting a statute is to discern and give effect to the legislative intent.

*City of Natchez, Miss. v. Sullivan,* 612 So.2d 1087, 1089 (Miss.1992) (citations omitted). If the language of the statute is unclear, the Court looks to "other Mississippi statutes and case law to determine how the Mississippi Supreme Court likely would interpret the statutory language were the question presented to it." *Coatings Mfrs., Inc. v. DPI, Inc.,* 926 F.2d 474, 476 (5th Cir.1991) (citing *Erie R. Co. v. Tompkins,* 304 U.S. 64, 79, 58 S.Ct. 817, 822, 82 L.Ed. 1188 (1938)).

" 'The starting point in every case involving a construction of a statute is the language itself.' " *Matter of Locklin,* 101 F.3d 435, 439 (5th Cir.1996) (quoting *Greyhound Corp. v. Mt. Hood Stages, Inc.,* 437 U.S. 322, 330, 98 S.Ct. 2370, 57 L.Ed.2d 239 (1978)). Looking to the plain wording of the statute, the Court finds that section 15–1–65 is not ambiguous. The main clause clearly and unambiguously states that a cause of action that accrues outside Mississippi and which is barred by the jurisdiction of accrual cannot be revived by the borrowing statute. The exception allowing suit where "a cause of action has accrued in favor of a resident of this state" does not apply to Bell because it did not accrue in his favor while he was a Mississippi resident. It follows that Bell's construction is erroneous because it allows the exception to swallow the rule. The Court finds that, under the plain language of the statute as a whole, the mere fact that Bell subsequently moved to Mississippi and became a resident does not derogate that which is expressly defined in main clause. Specifically, the Court holds that because this cause of action accrued and expired at a time when Bell was a Louisiana resident, this is not a case where a "cause of action has accrued in favor of a resident of this state." MISS.CODE ANN. § 15–1–65 (Supp.1996).

■ As emphasized by the Mississippi Supreme Court, "the ultimate goal of this Court in interpreting a statute is to discern and give effect to the legislative intent." *Sullivan,* 612 So.2d at 1089; *see also King v. St. Vincent's Hosp.,* 502 U.S. 215, 221, 112 S.Ct. 570, 116 L.Ed.2d 578 (1991) (statute should always be read in its proper context); *Crandon v. United States,* 494 U.S. 152, 158, 110 S.Ct. 997, 108 L.Ed.2d 132 (1990) (statutory language must be read in accordance with the design of the statute as a whole and consistent with its object and policy). When the statute is clear on its face, it may generally be presumed that the legislature means what it says. There are, of course, situations where the plain reading of words in a statute, taken out of context, would produce a result foreign to the intent and purpose of a statute. *See Leach v. Federal Deposit Ins. Corp.,* 860 F.2d 1266, 1270 (5th Cir.1988), *cert. denied,* 491 U.S. 905, 109 S.Ct. 3186, 105 L.Ed.2d 695 (1989). The *King* court, *supra,* quoted Judge Learned Hand, reasoning as follows:

> Words are not pebbles in alien juxtaposition; they have only a communal existence; and not only does the meaning of each interpenetrate the other, but all in their aggregate take their purport from the setting in which they are used....

*King,* 502 U.S. at 221 (citing *NLRB v. Federbush Co.,* 121 F.2d 954, 957 (2nd Cir.1941)) (internal quotation omitted).

■ Bell contends that a review of legislative history will show that the statute as amended in 1989 was intended to benefit individuals moving to Mississippi with their time-barred claims. Bell points to the wording of the pre–1989 version of the statute, which reads as follows:

**§ 15–1–65. Action barred in another jurisdiction barred here.** When a cause of action has accrued in some other state or in a foreign country, and by the law of such state or country, or of some other state and country where the defendant has resided before he resided in this state, an action thereon cannot be maintained by reason of lapse of time, then no action thereon shall be maintained in this state.

MISS.CODE ANN. § 15–1–65 (pre–1989 version). Bell cites *White v. Malone Properties, Inc.*, 494 So.2d 576 (Miss.1986), for the proposition that "[section] 15–1–65 is concerned only with nonresident defendants who may move to Mississippi after the accrual of an action against them in the state or country of their former residence." *Id.* at 579. With regard to pre-amendment cases, Bell is correct. In such cases, the Mississippi Supreme Court routinely held that a nonresident plaintiff's cause of action would not be time-barred against such defendants if the applicable Mississippi statute of limitations had not yet run. *See Shewbrooks v. A.C. and S. Inc.*, 529 So.2d 557 (Miss.1988); (citing, *inter alia, Cowan v. Ford Motor Co.*, 437 So.2d 46 (Miss.1983); *Kershaw v. Sterling Drug, Inc.*, 415 F.2d 1009, 1011 (5th Cir.1969)). For example, in *Shewbrooks*, the Mississippi Supreme Court, applying the pre-amendment version of section 15–1–65, held that tort claims brought by two nonresident Delaware plaintiffs against eighteen nonresident corporate defendants licensed to do business in Mississippi would be governed by Mississippi's six-year statute of limitations for tort actions even though the causes of action accrued outside of Mississippi.

Although Bell makes an earnest attempt to support his arguments, he fails to address the core policy concerns underlying section 15–1–65, as originally drafted, and as amended following decisional authority and relevant debate. The Court finds that a careful reading of the legislative history and decisional authority pertaining to section 15–1–65 weighs contrary to Bell's position. Before section 15–1–65 was amended, the nexus between the statute and "forum shopping" was well-established. *See, e.g., Ferens v. John Deere Co.*, 494 U.S. 516, 519–20, 110 S.Ct. 1274, 108 L.Ed.2d 443 (1990). In *Shewbrooks*, Justice Robertson delivered a lengthy dissent addressing, *inter alia*, the problems of forum shopping, which he characterized as "one of the unfortunate by-products of our federal and multi-state legal system." *See Shewbrooks*, 529 So.2d at 569. He further reasoned that section 15–1–65 "implies the existence of a deeper principle of law that, where there has been brought in this state an action that ought to be governed by the law of another state, the viability of any limitations defense should also be adjudged by reference to the law of that other state." Applying choice of law principles, Judge Robertson stated as follows:

> Under this test I would have our choice of law rules mandate that an action brought in this state be dismissed if it is barred under the applicable statute of limitations of the state of most significant relationship to the occurrence and the parties. As I understand the facts of the case at bar, that state probably is Delaware.

*Id.* at 571. Judge Robertson further opined that the foreign statute of limitations should apply under Mississippi's choice of law rules where a plaintiff subsequently moves to Mississippi after an action is time-barred in the foreign jurisdiction, citing *White, supra. Id.* at 572–73. In *White*, the Mississippi Supreme Court held that a Louisiana resident who had moved to Mississippi could not revive a time-barred claim under Louisiana's workers' compensation law, which provided the exclusive remedy. *See White*, 494 So.2d at 578–79. Judge Robertson concurred, criticizing the majority and reasoning that "[i]t would seem on principle that if an action is time barred in the state which furnishes the center of gravity, it should be held time barred everywhere." *Id.* at 579–80.[1]

Bell further argues that amended section 15–1–65 actually strengthens Mississippi's public policy of giving its residents the protection of its laws. Bell concedes that even the pre-amendment version of section 15–1–65 did not apply to defendant corporations

---

1. Applying the factors addressed by Judge Robertson, the Court finds that Louisiana furnishes the center of gravity in this case. *See id.* at 580–81.

who moved to Mississippi with time-barred claims. Bell's argument, which purports to rely on section 15–1–65's legislative history, thus ignores the long line of cases that construed pre-amendment section 15–1–65 to exclude nonresident defendants who subsequently moved to Mississippi just to seek the protection of its borrowing statute. The Court finds no intent by Mississippi legislators that nonresident plaintiffs moving to Mississippi with barred claims accruing in foreign states should be treated differently. Rather, the Court finds that the current version of section 15–1–65 supports a policy of discouraging forum-shopping plaintiffs and defendants who come to Mississippi to avail themselves of Mississippi's borrowing statute.

■ In *Superfos Investments Ltd. v. FirstMiss Fertilizer, Inc.*, 809 F.Supp. 450 (S.D.Miss.1992), cited by GMC, the district court addressed a contractual dispute involving a plaintiff corporation doing business in Virginia and a defendant corporation doing business in Mississippi. When the defendant invoked a contractual term providing for a one-year limitations period, the plaintiff challenged the application of the provision, alleging, *inter alia*, that it was ambiguous and contrary to Mississippi public policy. *Id.* at 451. The court, applying Mississippi law, rejected the plaintiff's position, finding that the contractual provision was enforceable under the agreement and did not violate Mississippi public policy. *Id.* at 452–54. In reaching its decision, the court rejected the plaintiff's argument that Mississippi public policy disfavored the application of Virginia law providing for a shorter period of limitations. *Id.* at 454–55. The plaintiff there based its argument in part on general language in *Shewbrooks* providing that "[w]hat time limitation should be imposed on litigants filing suit in courts of this state embraces broad matters of public policy, which clearly are matters for the Legislature to decide, as indeed they have throughout history." *Id.* at 454 (citing *Shewbrooks*, 529 So.2d at 568). Most importantly, in a footnote, the court addressed the impact of amended section 15–1–65, as follows:

Subsequent to the decision in *Shewbrooks*, the Mississippi Legislature amended the state's borrowing statute, Miss.Code Ann. § 15–1–65, to provide that in [a similar] circumstance, the limitation period of the state in which the cause of action accrued would be applied.... Thus, to the extent that *Shewbrooks* may once have been read as demonstrating a strong public policy in Mississippi's applying its own limitations rules, that case can no longer be considered indicative of the public policy of the state.

*Superfos*, 809 F.Supp. at 455 n. 4.

Bell contends that the *dictum* in *Superfos* is not availing in this case because it involved the application of substantive as opposed to procedural law. Although the Court agrees that the facts in *Superfos* render inapplicable its primary holding, the analysis addressing Mississippi public policy, although *dictum* it may be, cannot so readily be discarded, particularly given the void of case law construing section 15–1–65 as amended. The Court finds that, if such was ever the case, the *Superfos dictum* correctly states that the Mississippi legislature no longer supports a public policy of applying its own limitations rules. Bell's overbroad construction of section 15–1–65 on public policy grounds therefore collapses.

Nor does Bell's position comport with special rules of construction regarding statutes of limitation. In *Shewbrooks*, the Mississippi Supreme Court provides the following rule of construction:

[T]he general principle recognized to-day for the construction of statutes of limitations is that unless some good ground can be found in the statute for restraining or enlarging the meaning of its general words, they must receive a general construction, and that the courts cannot arbitrarily subtract from or add thereto, and cannot create an exception where none exists, even when the exception would be an equitable one.

*Id.* at 565 (quoting *In re Matson's Estate*, 50 N.M. 155, 173 P.2d 484, 489 (1946)). The *In Re Matson* court further reasoned as follows:

As a general rule the courts are without power to read into these statutes excep-

tions which have not been embodied therein, however reasonable they may seem. It is not for judicial tribunals to extend the law to all cases coming within the reason of it, so long as they are not within the letter. *In re Matson's Estate*, 173 P.2d at 489 (citation and internal quotation omitted). The Court therefore must apply the statute consistent with its plain language and historical context. Doing so, the Court finds that Bell's reliance on 15–1–65 to revive his time-barred claim operates to create an exception where none exists.

Under Mississippi law, this Court has "no more right to decline the exercise of jurisdiction which is given, than to usurp that which is not given." *See Shewbrooks*, 529 So.2d at 560. For reasons set forth above, the Court holds that section 15–1–65 requires that, when a cause of action has accrued in favor of a foreign resident, and where that cause is subsequently barred in the jurisdiction of accrual, the foreign resident cannot revive the cause by moving to Mississippi in an attempt to invoke Mississippi's statute of limitations governing actions in tort. This is precisely what Bell is attempting to do in this case. Forum shopping of this nature is precisely what the statute was designed to discourage. The Court finds that, viewing all facts in a light most favorable to Bell, no genuine issues of material fact remain for the trier of fact. Accordingly, the Court finds that GMC's motion for summary judgment is well-taken and should be granted.

### Conclusion

For reasons set forth above, the Court finds that Bell, having failed to timely avail himself of remedies available to him under Louisiana law, cannot avail himself of Mississippi's borrowing statute by virtue of his current Mississippi residence. The Court thus holds that where a plaintiff subsequently moves to Mississippi, as did Bell, and becomes a resident of Mississippi after the cause of action has accrued and expired in a foreign jurisdiction, the plaintiff's case is not a "cause of action [which] has accrued in favor of a resident of [Mississippi]." MISS. CODE ANN. § 15–1–65 (Supp.1996). Accordingly, the Court finds that, because no genu-

ine issues of material fact remain for the trier of fact, GMC's motion for summary judgment is well-taken and should be granted. All parties shall bear their respective costs.