**SAFECO INSURANCE COMPANY OF AMERICA, Plaintiff,**

v.

**APAC-MISSISSIPPI, INC., Defendant.**

**No. CIV.A. 3:97–CV–113BN.**

United States District Court,
S.D. Mississippi,
Jackson Division.

Oct. 30, 1997.

---

Ronald A. Yarbrough, Ott & Purdy, Jackson, MS, for Plaintiff.

Mary Elizabeth Hall, Mockbee, Hall & Drake, Jackson, MS, for Defendant APAC–Mississippi, Inc.

Robert C. Williamson, Jr., Williamson & Associates, Jackson, MS, for Counter–Defendant J.J. Pryor Contractor, Inc.

## OPINION AND ORDER

BARBOUR, District Judge.

This cause is before the Court on the Motion for Partial Summary Judgment filed by the Defendant APAC–Mississippi, Inc. ("APAC") and the Cross–Motion for Summary Judgment filed by the Plaintiff Safeco Insurance Company of America ("Safeco"). Having considered the Motions, Responses, Rebuttals and supporting and opposing memoranda, the Court finds that the APAC Motion is well taken and should be granted, and the Safeco Cross–Motion is not well taken and should be denied.

### I. Factual Background and Procedural History [1]

On April 17, 1992, J.J. Pryor Contractor, Inc. ("Pryor") entered into a contract with the Mississippi Department of Transportation ("MDOT") to perform certain highway construction on Highway 61 in Claiborne County, Mississippi ("Claiborne County Project"). On April 23, 1992, APAC entered into a subcontract with Pryor to perform a portion of the work covered by the contract between Pryor and MDOT.

Pursuant to its contract with MDOT and as required by Mississippi law,[2] Pryor obtained a payment bond from Safeco, as surety, the terms of which required Pryor and Safeco to jointly and severally "promptly pay ... all persons furnishing labor, material, equipment or supplies ..." for the Claiborne County Project. Although APAC timely performed its obligations under the subcontract,[3] Pryor has failed and refused to pay APAC the balance of $107,271.70 which is due under the subcontract. Due to this failure, APAC demanded that Safeco, as the surety, promptly pay APAC in accordance

---

1. For the purposes of this Motion, the parties agree that the facts are not in dispute.

2. Miss.Code Ann. § 31–5–51(1) (rev.1990) requires "[a]ny person entering into a formal contract with the state ... [to] furnish to such public body ... bonds with good and sufficient surety...."

3. Safeco disputes this particular fact on the basis that Pryor has assessed liquidated damages against APAC in the amount of $77,859.50 for the failure of APAC to perform its obligations under the subcontract in a timely manner. As noted by APAC in its rebuttal, this factual dispute is not relevant to the APAC Motion for Partial Summary Judgment which presents only one legal question for decision by this Court.

with the terms of the payment bond. Safeco, thus far, has refused to make such payment.

On February 20, 1997, Safeco filed a Complaint for Declaratory Relief seeking a declaration from this Court that it has no liability to APAC regarding the Claiborne County Project. On May 15, 1997, APAC served its Answer and Counter-Claim seeking a judgment of $107,271.70 against Safeco, plus interest, prompt payment penalties and attorneys' fees arising out of the labor, materials and equipment which APAC provided to Pryor in connection with the Claiborne County Project. Both parties have moved for partial summary judgment, and this issue is now ripe for decision.

## II. *Summary Judgment Standard*

Rule 56 of the Federal Rules of Civil Procedure states in relevant part that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The United States Supreme Court has held that this language "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an essential element to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); *see also Moore v. Mississippi Valley State Univ.*, 871 F.2d 545, 549 (5th Cir.1989); *Washington v. Armstrong World Indus.*, 839 F.2d 1121, 1122 (5th Cir.1988).

The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the record in the case which it believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323, 106 S. Ct. at 2552–53. The movant need not, however, support the motion with materials that negate the opponent's claim. *Id.* As to issues on which the non-moving party has the burden of proof at trial, the moving party need only point to portions of the record that demonstrate an absence of evidence to support the non-moving party's claim. *Id.* at 323–24, 106 S.Ct. at 2552–2553. The non-moving party must then go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." *Id.* at 324, 106 S.Ct. at 2553.

Summary judgment can be granted only if everything in the record demonstrates that no genuine issue of material fact exists. The district court, therefore, must not "resolve factual disputes by weighing conflicting evidence, ... since it is the province of the jury to assess the probative value of the evidence." *Kennett–Murray Corp. v. Bone*, 622 F.2d 887, 892 (5th Cir.1980). Summary judgment is improper where the court merely believes it unlikely that the non-moving party will prevail at trial. *National Screen Serv. Corp. v. Poster Exchange, Inc.*, 305 F.2d 647, 651 (5th Cir.1962).

## III. *Analysis*

APAC asserts that its right to sue on the payment bond issued by Safeco commenced on or about June 13, 1996, which is the date MDOT published notice of final settlement of the Claiborne County Project. According to APAC, Miss.Code Ann. § 31–5–53, prior to its amendment in 1994, guarantees APAC the right to file suit on the payment bond within one year from the date which MDOT published notice of final settlement, which was June 13, 1996. Because APAC asserted its counterclaim on the payment bond on May 15, 1997, APAC contends that the counterclaim was timely filed pursuant to Mississippi law which was in effect at the time the payment bond was executed. APAC claims that the time frame for filing suit contained in Miss.Code Ann. § 31–5–53 is substantive. Therefore, according to APAC, any amendment to this statute, absent clear legislative intent to the contrary, should be applied prospectively, rather than retroactively.

Safeco asserts that the 1994 amendment to Miss.Code Ann. § 31–5–53 is procedural, not substantive, and, therefore, should apply retroactively to any contracts in existence at the time of its enactment. Thus, if the 1994 amended version of the statute applies, Safeco asserts that the statute of limitations began to run on June 3, 1995, when MDOT accepted the Claiborne County Project and

released Pryor from maintenance responsibility.[4]

In rebuttal, APAC asserts that pursuant to Miss.Code Ann. § 15–1–3 (rev.1993), all statutes of limitation in Mississippi are substantive.[5] Alternatively, APAC asserts that the limitations period contained in Miss.Code Ann. § 31–5–53 is substantive pursuant to Mississippi case law because the limitations period is "built in" or "in the same enactment" as the statute which creates the right of action. In response to this argument, Safeco asserts that under Mississippi law, any given statute of limitations is substantive only where the *same statute* creates a substantive right and prescribes the limitations period.[6] Safeco does not address whether a statute of limitations contained in the same enactment by the legislature would be considered substantive or procedural.

As stated previously, APAC contends that the pre–1994 version of the statute is controlling in this matter. That version provides in relevant part:

> When suit is instituted on a payment or performance bond, it *shall be commenced within one (1) year after the performance and final settlement of the contract and not later* .... But, *said time for the institution of said action shall not begin to run until the obligee shall have made said final settlement* ... *and published notice thereof* in some newspaper published in a county in which the contract or some part thereof was performed or some newspaper having a general circulation therein.

Miss.Code Ann. § 31–5–53 (rev.1990) (emphasis added). The amended version of the statute, upon which Safeco relies, states in relevant part:

> When suit is instituted on a payment or performance bond, *it shall be commenced within one (1) year of the performance and final settlement of the contract and not later* .... But *said time for the institution of said action shall not begin to run until* (a) the obligee shall have made said final settlement or determined said abandonment and published notice thereof in some newspaper published in a county in which the contract or some part thereof was performed or some newspaper having a general circulation; (b) *after the written acceptance of the project by the owner;* or (c) after the actual occupancy or use by the owner, *whichever is earlier.*

Miss.Code Ann. § 31–5–53 (as amended in 1994) (emphasis added).

A majority of the Mississippi Supreme Court has continuously recognized that there are "exceptions to the general rule that statutory limitations upon the time within which suit must be brought are procedural." *Bethlehem Steel Co. v. Payne*, 183 So.2d 912, 916 (Miss.1966); *see also White v. Malone Properties, Inc.*, 494 So.2d 576, 578 (Miss.1986) (quoting *Bethlehem Steel* with approval).[7] The *Bethlehem Steel* court recognized the following exception:

> "Another exception which is frequently made in the decisions exists where *a statute which creates a right, in the same enactment* provides for the time within which suit is to be brought. In such cases a majority of the courts have taken the position that the limitation qualifies the right so that unless suit is brought within the time allowed under the foreign statute,

---

4. APAC concedes that if the 1994 amended version of the statute applies, then its counter-claim was not timely filed. Likewise, Safeco concedes that if the pre–1994 version of the applicable statute is controlling, the APAC counter-claim was timely filed. Furthermore, the parties appear to agree that since the surety bond was issued prior to the enactment of the 1994 amendment, the pre–1994 statute applies if it is substantive and the amended statute applies if it is procedural only.

5. The Court need not address this argument in order to determine the pending Motions in this case.

6. In this case, the parties agree that Miss.Code Ann. § 31–5–51 creates the right asserted by APAC and § 31–5–53 sets forth the specific procedures for enforcing that right.

7. *But see White*, 494 So.2d at 581–82 (Robertson, J., concurring) (concluding that the "idea that some limitations statutes extinguish the right while others bar only the remedy is the height of judicial legerdemain, nonsense in every respect"). The parties have not cited, and the Court has not found, any Mississippi case law which adopts former Justice Robertson's ultimate conclusion that all statutes of limitation affect the substantive right available to a party and not just the remedy to enforce that right.

no suit may be brought at the forum, even though the time there may be longer." *Bethlehem Steel,* 183 So.2d at 916 (emphasis added) (quoting Stumberg, *Conflict of Laws* at 148 (3d ed.1963)). This Court quoted this very language in determining a choice of law question:

> Mississippi considers its own statutes of limitations to be a matter of procedure and, thus, will generally apply its own limitations periods.... There is a significant exception to this general rule in those instances in which the limitations period of the state whose law would be applied by having the most significant relationship to the occurrence and the parties is "built-in" or "in the same enactment" as the statute which creates the right to the action thus becoming a substantive part of the enactment.

*Bonti v. Ford Motor Co.,* 898 F.Supp. 391, 397 (S.D.Miss.1995) (citing *White v. Malone Properties, Inc.,* 494 So.2d 576 (Miss.1986)), *aff'd,* 85 F.3d 625 (5th Cir.1996). *See also McVicar v. Standard Insulations, Inc.,* 824 F.2d 920, 921–22 (11th Cir.1987) (explaining *White* and noting that the "exception made for cases where the statute of limitations is considered an integral part of the relevant substantive law" did not apply in that particular case).[8]

■ The Court finds that the statute of limitations contained in Miss.Code Ann. § 31–5–53 is substantive because it is a part of the same enactment or the same substantive law which created the right. The parties agree that the right to sue on the surety bond derives from Miss.Code Ann. § 31–5–51. Both of these sections were adopted in 1980 by the Mississippi Legislature as sections 1 and 2 of chapter 520. The simple fact that the provisions are codified in different subsections of the same chapter of the Mississippi Code does not mean that they are not a part of the same enactment. For this reason, the Court concludes that the statute of limitations contained in section 31–5–53 is "built-in" or a part of the same enactment creating the right to sue on the bond set forth in section 31–5–51. Having so concluded, under Mississippi law, the provisions of section 31–5–53 may only be applied prospectively.

■ Safeco also asserts that the cause of action now being asserted by APAC accrued, pursuant to the terms of Miss.Code Ann. § 31–5–51, on the 91st day after August 16, 1994, which is the day that APAC began providing labor and materials to Pryor for the Claiborne County Project. According to Safeco, because the remedy contained in Miss.Code Ann. § 31–5–53 became effective on July 1, 1994, and because the APAC claim did not accrue prior to that date, APAC should be subject to the terms of the 1994 amended version of the statute. Essentially, Safeco asserts that the issue is not what statute was in effect when the surety bond was issued. Rather, the issue is what statute was in effect when the cause of action now asserted by APAC accrued.

APAC asserts that the date of accrual of its cause of action does not require retroactive application of the 1994 amended version of the statute. APAC claims that it knew that at the time the payment bond was issued, it could not sue on the bond until there was publication of notice of final settlement. As asserted by APAC:

> If the 1994 amendment applies, then APAC's cause of action expired before its time to sue commenced under the 1980 amendment.[9] Without doubt, such result is incompatible with Mississippi law and in disregard of APAC's constitutional rights.

Defendant's Reply Memorandum at 11.

In *Euclid–Mississippi v. Western Casualty & Surety Co.,* 249 Miss. 547, 163 So.2d 676

---

**8.** Neither party addresses the fact that the substantive/procedural dichotomy in Mississippi law usually arises in a conflict of laws context. Absent any authority to the contrary, however, the Court will apply Mississippi law on this issue to this case.

**9.** The version of the statute before its amendment in 1994 had previously been amended in 1980. As noted previously, pursuant to the 1994 amendment, the right of APAC to sue on the bond expired on June 3, 1996, which is one year from the date that MDOT released Pryor from its maintenance obligations. Under the previous version of the statute, the right of APAC to sue on the bond did not commence until some 10 days later on June 13, 1996, the date that MDOT published notice of final settlement of the Claiborne County Project.

(1964), the Mississippi Supreme Court addressed an issue which is similar to the issue in this case.[10] In that case, the court interpreted the statutes in effect at that time governing actions on contracts for public work. Miss.Code Ann. §§ 9014–9019 (1942).[11] Code section 9107, prior to its amendment in 1962, provided that only one action could be brought against a surety providing a bond for a public works contract. *Id.* 163 So.2d at 678. The statute allowed any person entitled to sue on the bond to intervene in such an action " 'within the time limited for such person to bring an original action.' " *Id.* (quoting section 9017). Effective May 15, 1962, the statute was amended to authorize "separate suits by claimants on surety bonds, unless the surety applies for a joinder...." *Id.* at 680. The court held that the amendment to the statute did not apply to that action. *Id.* Although the contract was completed and publication of notice was made on April 5, 1962, before the effective date of the statute, the rationale of the Mississippi Supreme Court concerning the retroactive application of the amended statute is instructive in this case.

The *Euclid–Mississippi* court stated as follows:

> The right of the surety to have all claims propounded in one suit *was controlled by the statute effective when the bond was executed.* Suits on surety bonds for public works are defined, described and limited by the pertinent statutes. Material, substantive provisions of such legislation are *written into the contract and bond when the latter is executed....* The Court will read the conditions required by statute into the bond.
>
> When the contract and surety bond involved in this suit were executed, and when the contract was fully performed (four years later), section 9017 provided that "only one action shall be brought." This limitation furnished significant protections and benefits for the surety, and for claimants in the event of proration of bond penalties if claims should exceed the bond. *Substantive provisions of the then existing public contract statutes, including section*

*9017, were incorporated into the bond by operation of law. This was a right vested in the parties at that time, and the subsequent 1962 amendment, enacted after the contract was fully performed, can not operate to impair or abrogate the surety's preexisting right to be sued only in one action.* Moreover, by this interpretation the 1962 amendment is not given retroactive effect, and raises no issues concerning impairment of contracts.

*Id.* at 680–81 (emphasis added) (citations omitted). The court also discussed the very issue in this case concerning the remedy of bringing a suit on the bond:

> [T]he statutory requirements of final settlement and publication, fixing the time within which suits may be brought, were held to be part of the surety's obligation under its bond: "The time set is not alone a statute of limitations; it confers a cause of action against the surety where none existed before. Unless one of those things had happened and publication thereof had been made, no cause of action accrued."

*Id.* at 681 (quoting *United States Fidelity & Guaranty Co. v. Plumbing Wholesale Co.*, 175 Miss. 675, 166 So. 529, 531 (1936)).

Based upon the above quoted language, the Court concludes that the rights and remedies between the parties to this action are based upon the statute which was in existence at the time the bond was executed. Although in *Euclid–Mississippi* the contract had also been fully performed before the effective date of the amended statute, this fact is not dispositive of the decision in that action. The Mississippi Supreme Court explicitly recognized that unless one of the conditions set forth in the statute happened and "publication thereof had been made, no cause of action accrued." *Euclid–Mississippi*, 163 So.2d at 681. Applying this language to the facts of this case, the Court concludes that the cause of action asserted by APAC did not accrue until June 13, 1996, the date on which it could bring suit under the pre–1994 version of section 31–5–53 on the payment bond. Because the conditions required

---

**10.** The Court notes that the parties have not relied upon this case, or even cited this case, in support of their respective positions.

**11.** These statutes are the predecessors of the current statutes which are at issue in this case.

by the statute must be read into the bond at the time of its execution, *see id.* at 681, the Court finds that the amended version of section 31–5–53 does not apply to this case because it was amended after the bond was executed.

### IV. *Conclusion*

For the reasons set forth in this opinion, the Court concludes that the counterclaim asserted by APAC, on May 15, 1997, for payment pursuant to the surety bond issued by Safeco on the Claiborne County Project, was timely filed. The APAC Motion for Partial Summary Judgment should therefore be granted.

IT IS THEREFORE ORDERED that the Motion for Partial Summary Judgment filed by the Defendant APAC–Mississippi, Inc. should be and hereby is granted.

IT IS FURTHER ORDERED that the Cross–Motion for Summary Judgment filed by the Plaintiff Safeco Insurance Company of America should be and hereby is denied.