198 So.2d 240 (1967)
L. & A. CONSTRUCTION COMPANY, and Western Casualty & Surety Company
v.
Thomas Harold McCHAREN.
No. 44331.
Supreme Court of Mississippi.
March 20, 1967.
Suggestion of Error Overruled May 15, 1967.
*241 Cox, Dunn & Clark, Jackson, for appellant.
Pyles & Tucker, Daniel, Coker & Horton, Jackson, William Liston, Winona, for appellee.
JONES, Justice.
This is a workmen's compensation case. The Workmen's Compensation Commission denied the claim. The claimant appealed to the Circuit Court of the First Judicial District of Hinds County, Mississippi, where the holding of the Commission was reversed and the cause remanded to the Commission for further proceedings to determine the claimant's degree of disability, if any.
From this order of the court, the employer and its carrier appeal to this Court, and the claimant cross-appeals asserting that the circuit court should have entered the order the Commission ought to have entered.
The question involved is a question of jurisdiction of our Workmen's Compensation Commission and the answer depends upon the facts of the employment and work of the claimant. The circumstances, evidence and facts are detailed in the opinion and order of the Attorney Referee, the portion thereof relating thereto being as follows:
"* * * The circumstances under which claimant became employed by the employer and the situs where he performed the duties and services of his employment are extremely important in this particular case. It must be noted that claimant was, and still is, a resident of the State of Mississippi and that the employer was, and still is, a company domiciled in the State of Mississippi with offices in Hattiesburg, Mississippi, where it processes its records and causes its payroll checks to be prepared. The employer had a job on an interstate highway near Brownsville in the State of Tennessee. Some of its employees on this were residents of the State of Mississippi, and some, if not most or all, of these particular employees went to work on the employer's job near Brownsville, Tennessee after having completed a job for the employer near Tupelo, Mississippi. Some of these employees even drove equipment from Mississippi to Tennessee for the employer. Lance Poyner, a resident of Grenada County, Mississippi was one of these employees. Claimant testified that he asked Poyner for a job and was taken by Poyner to Brownsville, Tennessee where he began working for the employer as a carpenter's helper on July 17, 1961; but Poyner testified that claimant was out of a job and that claimant asked him if he (claimant) could get work with the employer and thereupon Poyner talked with Lee Birdsong, the employer's superintendent over its dirt crew, about claimant and Birdsong told Poyner to bring claimant up there (to Tennessee) and he would talk to claimant. Later, Poyner returned to Grenada County, Mississippi from where claimant rode in his car to the employer's job site in Tennessee. At no time was Poyner delegated authority to hire, fire or direct employees to report to work. After arriving in Tennessee, claimant talked with Birdsong about employment but Birdsong did not hire claimant though Birdsong, who knew claimant's mother and stepfather, recommended claimant to W.S. Honea for employment because the employer needed additional employees. Honea, the employer's concrete and bridge crew foreman, hired claimant and then claimant filled out his Form W-4 and was put to work on the bridge crew at an hourly wage rate of $1.35 per hour for the first 40 hours and time and a half for all hours over 40. Claimant performed the duties of a carpenter's helper which consisted of manual labor carrying lumber, tying forms and picking up steel occasionally. *242 Claimant, himself, testified he was hired in Brownsville, Tennessee at the job site."
It was while working in Tennessee that claimant sustained his injuries for which he seeks relief.
The Attorney Referee on the facts found:
"The Attorney Referee, * * * does hereby find, as a fact, that both claimant and the employer were domiciled in and residents of the State of Mississippi; that claimant and the employer entered into a contract of employment, though not formal but oral, in the State of Tennessee; that the job of the employer on which claimant performed his duties of employment under said contract was wholly within the state of Tennessee; that claimant sustained his aggravating accidental injuries while performing said duties in the State of Tennessee; and that, at no time, did claimant perform any duties or services for the employer in the State of Mississippi."
The Workmen's Compensation Commission by a majority thereof found that the opinion and order of the Attorney Referee was proper, and such opinion and order became the finding of the Commission. The claim was dismissed for lack of jurisdiction.
The only question here involved is whether the Workmen's Compensation Commission of the State of Mississippi had jurisdiction to hear a claim based upon a contract of employment made in Tennessee for work performed in Tennessee and upon an injury sustained while so employed and working in the State of Tennessee by an employee who had never been hired by nor worked for the employer in the State of Mississippi.
Mississippi Code of 1942 section 6998-55 provides:
"(a) If an employee who has been hired or is regularly employed in this state receives personal injury by accident arising out of and in the course of his employment while temporarily employed outside of this state, he or his dependents in case of his death shall be entitled to compensation according to the law of this state. This provision shall apply only to those injuries received by the employee within six months after leaving this state, unless prior to the expiration of such six months' period the employer has filed with the commission of Mississippi notice that he has elected to extend such coverage a greater period of time.
(b) The provisions of this section shall not apply to an employee whose departure from this state is caused by a permanent assignment or transfer.
(c) Any employee who has been hired or is regularly employed outside of this state and his employer shall be exempted from the provisions of this act while such employee is temporarily within this state doing work for his employer if such employer has furnished workmen's compensation insurance coverage under the workmen's compensation or similar laws for a state other than this state, so as to cover such employee's employment while in this state, provided the extra-territorial provisions of this act are recognized in such other state and provided employers and employees who are covered in this state are likewise exempted from the application of the workmen's compensation or similar laws of such other state. The benefits under the workmen's compensation act or similar laws of such other state shall be the exclusive remedy against such employer for any injury, whether resulting in death or not, received by such employee while working for such employer in this state."
It has long been the settled law that a creature of the legislature, in this case the Workmen's Compensation Commission, *243 must look for its authority and its powers and jurisdiction to the act of its creation, it not being a common law Commission nor its rights and liabilities common law rights and liabilities, the act being in derogation of and a departure from the common law.
In 99 C.J.S. Workmen's Compensation § 6 at p. 52 (1958), it is said:
"Moreover, the rights, remedies, and procedure provided by the compensation laws are exclusive; and matters relating to compensation claims are governed exclusively by the provisions of the acts, and are not controlled by general rules of procedure applicable in cases in law or equity, except as specifically provided."
In 73 C.J.S. Public Administrative Bodies and Procedure § 48 at p. 367 (1951), it is said:
"Administrative officers and agencies have no common-law or inherent powers; they have only such jurisdiction or powers as have been granted to, or conferred on, them by law, either expressly or by implication."
In 58 Am.Jur. Workmen's Compensation section 405 at 844 (1948), it is stated:
"Compensation boards and commissions, or other administrative tribunals, have such jurisdiction, but only such, as has been conferred upon them by express grant, or which is essential to the exercise of their powers. Jurisdiction to hear and determine a claim for compensation cannot be conferred upon a compensation commission by agreement of the parties. A determination made by the compensation agency with respect to a matter as to which no jurisdiction is conferred by the statute is without legal effect."
1 Am.Jur.2d Administrative Law section 70 at 866 (1962) states:
"Administrative agencies are creatures of statute and their power is dependent upon statutes, so that they must find within the statute warrant for the exercise of any authority which they claim. They have no general or common-law powers but only such as have been conferred upon them by law expressly or by implication.
"Official powers cannot be merely assumed by administrative officers, nor can they be created by the courts in the proper exercise of their judicial functions. Nonexistent powers cannot be prescripted by an unchallenged exercise."
In the instant case, the employee was not hired, was not regularly employed in this State, (in fact, did no work here), and did not receive his injury in this state. Either hiring or regular employment in this state is essential to recovery under section 6998-55.
But it is said that this Court has jurisdiction under Burnham Van Service, Inc. v. Dependents of Moore, 250 Miss. 165, 164 So.2d 733 (1964) and Mandle v. Kelly, 229 Miss. 327, 90 So.2d 645, 92 So.2d 246 (1956).
These cases in our opinion are both distinguishable from the instant case.
In this case it is shown (in addition to the hiring and working only in Tennessee) that Tennessee had a Workmen's Compensation Act of its own and that the employer here carried workmen's liability insurance covering its employees under the laws of every state in which it worked including Tennessee.
The Mandle case, supra, shows that the claimant Mandle was employed in Midland, Georgia; that his employer operated two tractor-trailer units delivering the products of his cannery to other states in addition to Georgia. Mandle was employed to operate one of these trucks. A truck load was assigned to a place in Louisiana, and, in order to reach Louisiana, appellant was required to traverse Mississippi on Highway 90. When his vehicle was weighed at Kreole, Mississippi, it was found that too much of the weight was on the front axle and it was *244 necessary to move 25 or 30 cases of goods to the rear of the trailer. It was while so moving these goods that the claimant received his injury. The fact that the injury occurred in Mississippi was the distinguishing factor here.
In the Burnham case, supra, the claimant was employed by one Bates who resided in Long Beach, Mississippi, and the claimant had his home at Gulfport. Bates signed a lease in Mississippi leasing his trucks for interstate service to the appellant Burnham, and Moore operated the truck. The truck was based at Gulfport, Mississippi, to which point it returned after each interstate trip and from where it departed on each such trip. Moreover, Gulfport was Moore's home and there he was employed.
In Mandle v. Kelly, supra, Mandle was employed by a firm in Georgia and while driving a truck through Mississippi was injured in Mississippi. The claim before our Commission was begun by doctors seeking pay for services rendered Mandle. The carrier of the employer insisted they were exempted by section 6998-55 hereinbefore mentioned. Our Court held in that case that under the facts and the Georgia law the employer did not meet the requirements of said subsection (c).
The evidence showed, as stated, that the injury occurred in Mississippi. The opinion did discuss the demands of humanity relative to injured and helpless persons but the actual basis of the decision was that the injury occurred in Mississippi and that the employer was not exempted under section 6998-55 of our Act.
The case of Burnham Van Service v. Dependents of Moore, supra, is distinguishable. The claimant there resided in Mississippi, kept a truck which he operated under lease for interstate business, returned to his home in Mississippi after every interstate trip and departed from his home on beginning an interstate trip. Under these circumstances, this Court held he was temporarily absent from the state only for the period of time required to transport the goods to their destination from the place where he was to load them. This was contemplated by section 6998-55 of our Mississippi Workmen's Compensation Act.
The remarks relative to humanity and the duties of the state in both of the Mississippi cases above cited were coupled with other facts conferring jurisdiction, viz: (1) The hiring in this state of the claimant and his regular employment here, and (2) the fact that the claimant was injured in Mississippi and the foreign employer did not come under the exemption of our Act (Section 6998-55).
In Ingalls Shipbuilding Corp. v. Howell, 221 Miss. 824, 74 So.2d 863 (1954), this Court held that neither the liberal construction nor the humane spirit of the law would warrant the extension of the act beyond its legitimate scope. The Court said:
"We recognize the rule that the workmen's compensation law should be broadly and liberally construed, that doubtful cases should be resolved in favor of compensation, and that the humane purposes the act seeks to serve leave no room for narrow and technical construction. But the rule of liberal construction may not be extended so as to eliminate the necessity of making proof prequisite to recovery; and the humane spirit of the law does not warrant its exten(t)ion beyond its legitimate scope." 221 Miss. at 832, 74 So.2d at 865.
In Restatement, Conflict of Laws section 400 at 488 (1934), it is stated:
"No recovery can be had under the Workmen's Compensation Act of a state if neither the harm occurred nor the contract of employment was made in the state."
In addition to the foregoing authorities, the following cases support this holding: Denver Truck Exchange v. Perryman, 134 Colo. 586, 307 P.2d 805 (1957); Slaten v. Travelers Ins. Co., 197 Ga. 1, 28 S.E.2d 280 (1943); Severin v. Industrial Comm., 363 *245 Ill. 217, 2 N.E.2d 65 (1936); Cobb v. International Paper Co., 76 So.2d 460 (La. 1954); Daniels v. Trailer Transport Co., 327 Mich. 525, 42 N.W.2d 828 (1950); Rendleman v. East Texas Motor Freight Lines, 355 Mo. 287, 196 S.W.2d 171 (1946); Suggs v. Williamson Truck Lines, 253 N.C. 148, 116 S.E.2d 359 (1960); Crawford v. Trans World Airline, 27 N.J. Super. 567, 99 A.2d 673 (1953); and, Franzen v. E.I. DuPont De Nemours & Co., 128 N.J.L. 549, 27 A.2d 615 (1942).
On cross appeal, the case is affirmed; on direct appeal the decision of the circuit court is reversed and the finding and order of the Workmen's Compensation Commission is reinstated.
Affirmed on cross-appeal: reversed and finding and order of Commission reinstated on direct appeal.
GILLESPIE, P.J., and PATTERSON, INZER, and ROBERTSON, JJ., concur.