548 So.2d 1306 (1989)
W.T. BULLOCK
v.
ROADWAY EXPRESS, INC. and Central States Southeast and Southwest Areas Health and Welfare Fund.
No. 07-58610.
Supreme Court of Mississippi.
August 30, 1989.
Dixon L. Pyles, Pyles & Tucker, Jackson, for appellant.
James H. Neeld IV, Young Scanlon & Sessums, Jackson, for appellees.
Before ROY NOBLE LEE, ANDERSON and BLASS, JJ.
ROY NOBLE LEE, Chief Justice, for the Court:
W.T. Bullock was granted workers' compensation benefits from Roadway Express, Inc., his employer, and Central States Southeast and Southwest Areas Health and Welfare Fund (Central States) claimed from Bullock that it was entitled to reimbursements from Bullock of certain health and disability benefits which had been paid him under the mistaken belief that his medical problems were not work-related. Bullock filed a petition in the workers' compensation claim for declaratory judgment to determine whether or not any funds were owed by him to Central States.
The administrative law judge sustained the petition. Upon appeal, the full Commission held that it did not have subject matter jurisdiction of such an action and dismissed the petition for declaratory judgment and the circuit judge affirmed the action of the Commission. Bullock has appealed *1307 to this Court and assigns one error in the proceedings below.

Facts
The appellant was employed by Roadway Express, Inc. as a line haul driver on August 31, 1961. Thereafter, for a period of years, appellant began to suffer various chronic health problems. Late in the 1970s, he was advised by his doctors that many of those problems from which he suffered resulted from his employment.
During these periods of chronic illnesses, appellant filed several claims with Central States for benefits provided under its policy. Central States is an employee benefit plan created for the benefit of the members of the International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, and its affiliated unions. As a member of the union, appellant participated in Central States and made claims to Central States. They paid him a total aggregate sum of $15,252.71 in medical bills and $9,060.40 in disability benefits as a result of the illnesses.
After discovering that these health problems were work related, appellant filed appropriate claims with his employer for workers' compensation benefits. Those claims proceeded along the normal course with subsequent settlement agreements being made.
Appellant was also attempting to negotiate a lump sum settlement for future medical expenses. A figure of $25,000 was agreed upon by the parties involved. The $25,000 figure was submitted to the Workers' Compensation Commission for approval. At this time, Central States entered the picture.
Central States contacted appellant and advised him that past benefit payments to him in excess of $24,000 would need to be reimbursed to Central States. The reason for requesting this reimbursement was the fact that, at the time Central States made benefit payments to appellant, they were unaware that these claims were based upon work-related injuries. The agreement between Central States and appellant explicitly prohibited paying out funds relating to work-related injuries or illnesses. Desiring to hold onto as much money as possible, appellant instituted a declaratory judgment action wherein he brought in Roadway Express and Central States. This action was filed before the administrative judge of the Workers' Compensation Commission. In this action, appellant sought to clarify the rights of the parties involved. In any event, the administrative judge proceeded to hear the merits of the issue placed before him in the declaratory judgment action.
Being of the opinion that the Commission lacked subject matter jurisdiction over its claim for reimbursement, Central States filed suit in the Chancery Court of the First Judicial District of Hinds County for restitution of benefits paid appellant on account of work-related injuries and other relief. At the same time, Central States filed an amended response to the petition for declaratory judgment with the Commission, requesting that appellant's petition be dismissed. Alternatively, Central States requested that the Commission proceeding be stayed and held in abeyance pending resolution of the related chancery action. At the hearing on appellant's petition, Central States moved for the relief requested in its amended response and additionally requested that, if the administrative judge assumed jurisdiction of the claims made by Central States, any dismissal of those claims would be without prejudice. The administrative judge denied the relief requested by Central States, assumed jurisdiction over the dispute, and denied and dismissed with prejudice Central States' previously asserted claim.
Central States appealed the decision of the administrative judge to the full Commission. On review, the Commission reversed the order of the administrative judge, finding that it did not have subject matter jurisdiction to adjudicate Central States' claim for restitution. The Commission's ruling was based on the ground that Central States was not a party to the proceeding, since it was not an employee, employer, workers' compensation carrier, or ancillary claimant, and the Commission did *1308 not have the authority to determine and adjudicate equitable and legal issues. On appeal, the circuit court affirmed.

Law
The sole issue on this appeal is whether or not the lower court and the Commission erred in holding that the Mississippi Workers' Compensation Commission lacked subject matter jurisdiction to consider and dispose of the petition for declaratory judgment.
The Mississippi Workers' Compensation Commission is an administrative agency created by statute and it may exercise only the authority granted to it by the legislature. In U.S.F. & G. v. Collins, 231 Miss. 319, 95 So.2d 456 (Miss. 1957), the Court said:
The reasoning adopted by these decisions is that a compensation commission is an administrative agency exercising only powers which are specifically granted to it by statute. That does not authorize a commission to try equitable and legal issues involved when a payment of money is made by one through a mistake of fact and law when such payment operates to discharge an obligation imposed upon another by statute. We think that these principles apply also to the Mississippi Workmen's Compensation Commission.
95 So.2d at 463.
The Commission has no authority to grant declaratory judgments, render advisory opinions, or try equitable issues, or other issues, outside the statute. Gibbs v. Bass, 237 Miss. 823, 116 So.2d 542 (Miss. 1959).
Subject matter jurisdiction relates to the power and authority of a court to entertain and proceed with a case. Subject matter jurisdiction cannot be waived, and, if a court lacks subject matter jurisdiction, it must dismiss the action. Such jurisdiction may not be created or destroyed by agreement or consent of the parties. See Adoption of R.M.P.C., a Minor Child, 512 So.2d 702 (Miss. 1987); Home Ins. Co. v. Watts, 229 Miss. 735, 93 So.2d 848 (1957); Goodman v. Rhodes, 375 So.2d 991, 992 (Miss. 1979); and McMillan v. Tate, 260 So.2d 832, 833 (Miss. 1972).
The Commission's order in the case sub judice stated in part:
Central States is not a party to this proceeding; it is not an employee, employer, or workers' compensation carrier. Nor is Central States an ancillary claimant as contemplated by the Supreme Court in Mandel v. Kelly [231 Miss. 746], 97 So.2d 645 (1956). See also V. Dunn, Mississippi Workers' Compensation § 368 (3d ed. 1982).
Central States did not seek to intervene in the workers' compensation claim. It does not occupy the position of an employer and insurer who are subrogated to recovery from a third party by reimbursement of the benefits paid by them to the employee claimant as provided by statute.
We are of the opinion that the lower court and the workers' compensation commission were correct in dismissing the petition for declaratory judgment.
AFFIRMED.
HAWKINS, P.J., DAN M. LEE, P.J., and PRATHER, ROBERTSON, SULLIVAN, ANDERSON, PITTMAN and BLASS, JJ., concur.