McMILLIN, C.J.,
for the court.
¶ 1. Randall W. Rice filed a petition to controvert with the Mississippi Workers’ Compensation Commission seeking disability benefits after he suffered an injury to his back while in the course of his employment with Burlington Motor Carriers, Inc. (hereafter “Burlington”). The Commission dismissed Rice’s petition for lack of jurisdiction. Rice appealed to the Circuit Court of Pontotoc County and that court affirmed the Commission’s decision. Rice has now appealed the circuit court’s decision to this Court. There is no dispute as to the operative facts of the case. The issue of jurisdiction thus becomes a pure question of law. After a de novo review of the issue of law decided by the Commission, we find no error and, therefore, affirm the dismissal of Rice’s claim for lack of jurisdiction.
¶2. In 1997, Rice was a resident of Pontotoc County when he enrolled in a truck driver training school located in Nashville, Tennessee. During the course of his training, Rice was conditionally offered employment by Burlington; the conditions being that he satisfactorily complete the training regimen in Tennessee and report to Burlington’s facility in Indiana for a physical examination and additional training. After passing the physical exam and completing the supplemental training, Rice was dispatched by *603 Burlington on actual trucking runs under the supervision of a more experienced driver referred to by Rice as his “trainer.” Rice completed the first trip that originated in Indiana, and was dispatched from the same location on a second trip for a delivery in Pennsylvania. It was during this second trip that Rice suffered the back injury that is the subject of this claim. The injury occurred in the State of Pennsylvania. After several days of unsatisfactory recuperation, Rice returned to Mississippi where he underwent extensive medical treatment including back surgery. Rice never returned to his duties with Burlington.
¶ 3. Burlington contested the jurisdiction of the Mississippi Workers’ Compensation Commission to award compensation benefits under the facts of this case, arguing that there was an insufficient nexus between this state and the circumstances of both Rice’s employment and his work-related injury to permit the Commission to determine Rice’s claim. The Commission agreed and dismissed Rice’s petition on that basis without reaching the underlying merits of his claim for benefits.
¶ 4. Because the injury in this case occurred outside the geographical boundaries of this state, the only manner in which Mississippi’s Compensation Commission could obtain jurisdiction of Rice’s claim is found in Section 71-3-109(1) of the Mississippi Code. That section provides, in part, as follows:
If an employee who has been hired or is regularly employed in this state receives personal injury by accident arising out of and in the course of his employment while temporarily employed outside of this state, he or his dependents in case of his death shall be entitled to compensation according to the law of this state.
Miss.Code Ann. § 71-3-109(1) (Rev.2000).
¶5. In the case now before us, it is uncontradicted that Rice was offered employment by Burlington while he was in Tennessee attending a driver’s training course and that he was ultimately hired in the state of Indiana. In fact, as a part of the hiring process, Rice signed an agreement that, if hired, he agreed “to be bound by the Indiana Worker’s Compensation Act for any and all injuries ... which I may claim are related to my employment with Burlington Motor Carriers.” There is no contention that, during the brief course of his employment at Burlington, Rice was “regularly employed” in the state of Mississippi. In fact, there is no evidence that he entered the state while performing his duties during his brief tenure as an employee of Burlington. The only connection between this state and the duties of Rice’s employment consisted of his assertion of two things. First was Rice’s testimony that officials of Burlington had told him that he was to be based in Atlanta once he became a fully qualified driver and would be dispatched out of that location, but that he would be permitted to take his truck home with him to Pontotoc between driving assignments. Secondly, Rice reported that job-related correspondence including salary checks were mailed to his home address in Pontotoc County.
¶ 6. Rice places reliance on the Mississippi Supreme Court’s decision in Burn-ham Van Service, Inc. v. Dependents of Moore in support of his contention that Mississippi’s Compensation Commission may determine his claim for benefits. Burnham Van Service, Inc. v. Dependents of Moore, 250 Miss. 165, 164 So.2d 733 (1964). In that case, the evidence showed that Moore, a resident of Gulfport, operated a truck used in moving furniture that was leased to Robert Bates, a resident of Long Beach engaged in household furniture moving. Burnham, 164 So.2d at 735. Bates was engaged in both local hauling *604 and long-distance hauling. Id. Because Bates was not licensed to operate in interstate commerce, he sub-leased the rig to Burnham Van Lines under a contract executed in Mississippi so that the business could legally pursue long-distance hauling. Id. at 736. Moore was the principal operator of the rig while engaged in interstate transportation and was dispatched on those trips by Burnham with the understanding that he would return after every such trip to his home in Harrison County to await additional assignments. Id. at 739. It was during one such trip that Moore, while in the state of Ohio, was shot and killed under unexplained circumstances. Id. at 737. The case presented two crucial issues; one being whether, under the facts, Moore was an employee of Burnham or of Bates. The other was whether the Mississippi Workers’ Compensation Commission had jurisdiction of a claim by Moore’s heirs for job-related death benefits. The supreme court decided both issues in favor of the claimants. In addressing the issue of Mississippi jurisdiction, the court noted that the contract of lease was executed in Mississippi, that Moore was a resident of Mississippi, and that all parties understood that Gulfport was the base of operations for the truck. Id. at 739.
¶ 7. In the case before us, none of the contractual documents relating to Rice’s employment originated in Mississippi or had any relation to this state. Rice was recruited as a prospective employee while a student in Tennessee and was offered a contract of employment while in the state of Indiana. By his own testimony, it was contemplated that, after his initial on-the-job training under the supervision of an experienced “trainer,” his duties would consist of hauls originating at Burlington’s operation in Atlanta, Georgia. Even accepting as true Rice’s assertion that Burlington was going to permit him to take Ms rig to his home in Pontotoc County between driving assignments, that appears nothing more than a personal accommodation to Rice and is not the equivalent of an agreement that Pontotoc County would serve as the base of operations for Rice’s activities similar to the arrangement between Moore and Burnham in the Bum-ham Van Service case.
¶ 8. This case, in the view of the Court, is more closely akin to the facts in L. & A Const. Co. v. McCharen, in which McCharen, a Mississippi resident, went to Tennessee and was hired to work on a bridge construction project in that state by L. & A. Construction Company, an enterprise that was domiciled in Hattiesburg. L. & A. Const. Co. v. McCharen, 198 So.2d 240, 241 (Miss.1967). Upon a finding that the contract of employment was entered into in Tennessee, that all work under the employment contract was envisioned to be performed in Tennessee, that the injury occurred in Tennessee, and that McCharen performed no duties for his employer in Mississippi, the Commission found that it lacked jurisdiction of McCharen’s claim for compensation benefits, even though both the employer and the employee were domiciled in this state. Id. at 242.
¶ 9. In the case before us, the negotiations ultimately resulting in Rice’s contract of employment with Burlington began in Tennessee and were ultimately completed in Indiana. All work under the contract was performed in Indiana and such other states as Rice and Ms “trainer” entered m the course of completmg their assigned hauling duties, none of which were shown by the evidence to include Mississippi. Rice’s injury occurred while he was performing his employment duties m the state of Pennsylvania. No duties of employment were performed by Rice in Mississippi, nor does it appear from the evidence that there was any likelihood that Missis *605 sippi would become the focus of any of Rice’s duties for Burlington. To the contrary, it is uncontradicted that Rice’s contemplated base of operations was to be Atlanta, Georgia, from which he would be dispatched to various delivery points with nothing other than chance determining whether any such destination might, on occasion, be within the borders of this state.
¶ 10. Rice argues that L. & A. Construction no longer serves as authority on the question of jurisdiction because the supreme court, in deciding the issue, relied in part on an early version of the Restatement, Conflict of Laws, which stated that “if neither the harm occurred nor the contract of employment was made in the state” then no recovery was permitted under that state’s compensation law. Rice suggests that the Mississippi Supreme Court has, since its decision in L. & A. Construction, generally abandoned the Restatement (First) in favor of the revised Restatement (Second), which proposes a different test. According to Rice, the supreme court began as early as 1968 to apply the “center of gravity” test described in the Restatement (Second) in determining conflict of law questions in various areas of the law. However, we note that, in deciding the question of jurisdiction in L. & A. Construction, the supreme court engaged in a lengthy analysis of the issue and discussed supporting authority besides the Restatement. We also observe that the supreme court itself has continued to rely on the authority of L. & A. Construction to determine jurisdictional questions in workers’ compensation cases long after publication of the Restatement (Second), Conflict of Laws. See, e.g., White v. Malone Properties, Inc., 494 So.2d 576, 578 (Miss.1986). If some modification in the means of answering jurisdictional questions in workers’ compensation cases involving out-of-state injuries is warranted, such modification will have to be undertaken by the Mississippi Supreme Court and not this Court, which is bound by existing precedent as announced in the L. & A. Construction case and subsequently followed in White. In that light, we cannot discover any error in the reasoning of the Commission that would suggest the necessity of this Court intervening to direct a different outcome.
¶11. THE JUDGMENT OF THE CIRCUIT COURT OF PONTOTOC COUNTY IS AFFIRMED. COSTS OF THE APPEAL ARE ASSESSED TO THE APPELLANT.
KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR.