LEE, C.J.,
for the Court:
¶ 1. James Kimbrough appeals the judgment of the Mississippi Workers’ Compensation Commission (the Commission) dismissing his claim based on a finding that he was engaged in maritime employment and not entitled to state benefits. Finding no error, we affirm.
FACTS AND PROCEDURAL HISTORY
¶ 2. On September 20, 2010, Kimbrough was injured while working for Fowler’s Pressure Washing LLC, a subcontractor of Patriot Environmental Services Inc. He was pressure washing oil from vessels when he slipped on loose gravel and injured his knee. He ultimately had to have a total knee replacement. During physical therapy manipulation of his knee, he suffered an injury to his lumbar spine. Kim-brough received benefits from AmFed Casualty Insurance Company, Fowler’s workers’ compensation coverage carrier. In 2011, Kimbrough filed a claim for benefits under the Longshore and Harbor Workers’ Compensation Act (LHWCA) against Patriot. Upon learning that Kim- *611 brough had filed a claim under the LHWCA, AmFed suspended benefits.
¶ 3. Kimbrough filed a petition to controvert with the Commission on December 6, 2011. He also filed a motion to compel payment of benefits that same day. After a review of all the pleadings, the administrative judge (AJ) found that the Mississippi Workers’ Compensation Act (MWCA) did not apply to maritime employment and that Fowler’s did not assume coverage of Kimbrough by virtue of having paid for a state workers’ compensation insurance policy. The AJ stayed the case until the United States Department of Labor determined whether Kimbrough was engaged in maritime employment. Kimbrough appealed to the Commission, and the Commission affirmed. Kimbrough then appealed to this Court, and we dismissed for lack of a final order.
¶ 4. The parties sought entry of a final order from the AJ, who dismissed Kim-brough’s state compensation claim because Kimbrough was engaged in maritime employment at the time of his injury. The Commission affirmed. Kimbrough now appeals, asserting that the Commission erred in (1) applying Valley Towing Co. v. Allen, 236 Miss. 51, 109 So.2d 538 (1959), and (2) finding that Fowler’s/AmFed had not assumed coverage of Kimbrough’s injury.
STANDARD OF REVIEW
¶ 5. The standard of review in a workers’ compensation case is well settled. If the findings of the Commission are supported by substantial evidence, then they are binding on this Court. Mitchell Buick, Pontiac & Equip. Co. v. Cash, 592 So.2d 978, 980 (Miss.1991). “As to matters of law, our review is de novo, but the [Commission’s] interpretation of [workers’ [c]ompensation [l]aw is to be accorded great weight and deference.” KLLM, Inc. v. Fowler, 589 So.2d 670, 675 (Miss.1991).
• DISCUSSION
I. APPLICABILITY OF' VALLEY TOWING CO. V. ALLEN
¶ 6. Kimbrough argues that because his injury did not occur over the navigable waters of the United States, Valley Towing does not apply. In Valley Towing, Emory Allen, a master and pilot, had a heart attack while engaged in maritime employment aboard a vessel in the navigable waters of the United States. Valley Towing Co., 109 So.2d at 543. He was deemed a seaman within the meaning of the Jones Act, but his widow was unable to obtain benefits under the Jones Act for lack of employer negligence. Id. at 540, 543. The Mississippi Supreme Court held that the Commission lacked jurisdiction to hear the widow’s claim since Allen’s employment was maritime and covered under federal law. Id. at 543. This holding merely restates the plain language of the MWCA, which excludes “transportation and maritime employments for which a rule of liability is provided by the law of the United States.” Miss.Code Ann. § 71-3-5 (Rev.2011). The effect of the holding in Valley Towing is to preclude concurrent jurisdiction. Because Kimbrough was found to be engaged in transportation or maritime employment and accepted benefits under the LHWCA, the rule precluding concurrent jurisdiction applies and this issue is without merit.
II. ASSUMPTION AND ESTOPPEL
¶ 7. Kimbrough argues that because Fowler’s carried workers’ compensation insurance, it assumed coverage of Kimbrough’s injury. The relevant provision of the MWCA states: '
Employers exempted by this section may assume, with respect to any em *612 ployee or classification of employees, the liability for compensation imposed upon employers by this chapter with respect to employees within the coverage of this chapter. The purchase and acceptance by such employer of valid workers’ compensation insurance applicable to such employee or classification of employees shall constitute, as to such employer, an assumption by him of such liability under this chapter without any further act on his part notwithstanding any other provisions of this chapter, but only with respect to such employee or such classification of employees as are within the coverage of the state fund. Such assumption of liability shall take effect and continue from the effective date of such workers’ compensation insurance and as long only as such coverage shall remain in force, in which case the employer shall be subject with respect to such employee or classification of employees to no other liability than the compensation as provided for in this chapter.
Miss.Code. Ann. § 71-3-5. The above code section does apply to “employees within the coverage of this chapter”; however, we have already determined that Kimbrough fell within the transportation and maritime-employments exclusions.
¶ 8. Likewise, Kimbrough argues that AmFed should not be able to deny coverage for his injury because the carrier accepted premiums for such coverage. This argument was made in Valley Towing and was found to be without merit. Valley Towing, 109 So.2d at 543. Because Kimbrough was engaged in transportation and maritime employment, and this employment was excluded by the MWCA, he is not entitled to benefits under the MWCA. This issue is without merit.
¶ 9. THE JUDGMENT OF THE MISSISSIPPI WORKERS’ COMPENSATION COMMISSION IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL, FAIR AND JAMES, JJ„ CONCUR.