# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2017-WC-00467-COA

**DALTON RAY STEWART**                                                    **APPELLANT**

**v.**

**DYNAMIC ENVIRONMENTAL SERVICES,**                    **APPELLEES**
**LLC AND HDI-GERLING AMERICA**
**INSURANCE COMPANY**

DATE OF JUDGMENT:                03/20/2017
TRIBUNAL FROM WHICH              MISSISSIPPI WORKERS'
APPEALED:                        COMPENSATION COMMISSION
ATTORNEYS FOR APPELLANT:         DAVID N. GILLIS
                                 WAYNE E. FERRELL JR.
ATTORNEYS FOR APPELLEES:         JILL RENEE MILLER
                                 MICHAEL MADISON TAYLOR JR.
NATURE OF THE CASE:              CIVIL - WORKERS' COMPENSATION
DISPOSITION:                     AFFIRMED - 01/23/2018
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

### BEFORE LEE, C.J., GREENLEE AND WESTBROOKS, JJ.

### WESTBROOKS, J., FOR THE COURT:

¶1.     Dalton Ray Stewart filed a motion to controvert with the Mississippi Workers'

Compensation Commission (Commission) seeking disability benefits after he suffered an

injury in an accident while employed by Dynamic Environmental Services LLC (Dynamic).

Following discovery, Dynamic and HDI-Gerling America Insurance Company (HDI) filed

a motion to dismiss Stewart's claim for lack of jurisdiction. The administrative judge found

that the Commission lacked jurisdiction and dismissed Stewart's claim. Stewart appealed

the order to the full Commission. The Commission dismissed Stewart's petition to

controvert based on lack of jurisdiction in Mississippi. Stewart timely appeals.

## FACTS AND PROCEDURAL HISTORY

¶2.     In 2012, Stewart was employed as a truck driver with Dynamic at its location in Pearsall, Texas. He left briefly and reapplied for employment as a truck driver in 2014. At all times pertinent to this case, Dynamic's headquarters were located in Texas. At the time, Stewart was living in Mississippi.

¶3.     It is undisputed that Stewart contacted Chad Fullilove, an employee with Dynamic, via Facebook, regarding employment. Further, Stewart filled out the appropriate preemployment paperwork and submitted to a drug test in Pleasanton, Texas. While completing the preemployment process, Stewart stayed in Dynamic's on-site housing in Charlotte, Texas. Sam Moak, the safety director with Dynamic, presented a sworn affidavit stating that the trucks were kept at Dynamic's facility in Texas.

¶4.     During the ninety-day probationary period, Stewart was involved in a single-vehicle rollover accident in Raegan County, Texas, on November 4, 2014. He received medical treatment at a hospital in Midland, Texas. In 2015, Stewart filed a claim for benefits under the Texas workers' compensation administrative process and began receiving benefits. However, Dr. Dropadi Kewairamani, the treating physician in Texas, declared that Stewart reached maximum medical improvement (MMI) only eight days after the accident.

¶5.     Subsequently, Stewart returned to Mississippi and sought medical treatment. Stewart asserts that he was diagnosed with post-mild traumatic brain injury, depression, memory loss, vertigo, postconcussion syndrome, low-back pain, irritable-bowel syndrome, and a

sleep disorder.

¶6.     Stewart maintains that he was treated by another Mississippi physician and diagnosed with traumatic brain injury and depression, and that he had not reached MMI. As a result, Stewart filed a motion to controvert with the Commission. The claim was based on Stewart's injuries sustained while driving for Dynamic on November 4, 2014.

¶7.     Dynamic and HDI filed a motion to dismiss Stewart's claim for lack of jurisdiction within Mississippi. After a hearing, the administrative judge issued an order dismissing the claim for lack of jurisdiction, and Stewart appealed the dismissal to the full Commission. The Commission affirmed the order of the administrative judge and dismissed Stewart's claim. Stewart appeals.

## STANDARD OF REVIEW

¶8.     This Court has held that "the standard of review in a workers' compensation appeal is limited to whether the Commission's decision is supported by substantial evidence." *Hamilton v. Southwire Co.*, 191 So. 3d 1275, 1282 (¶23) (Miss. Ct. App. 2016). Moreover, "[t]he Commission is the trier and finder of facts in a compensation claim, the findings of the [administrative judge] to the contrary notwithstanding." *Id*. Accordingly, "[appellate] court[s] will reverse an order of the Commission only where such order is clearly erroneous and contrary to the overwhelming weight of the evidence." *Id*.

## DISCUSSION

### I.     Whether Stewart was hired in Mississippi.

¶9.     Stewart asserts that he was hired in Mississippi, and that the Commission's ruling was

not supported by substantial evidence, was arbitrary and capricious, was based upon findings of fact contrary to the great weight of the evidence, and violated his statutory right to receive compensation under Mississippi law. We disagree.

¶10. Stewart maintains that the Commission erroneously relied on its previous rulings in *Phelps v. Builders Transport Inc.*, No. 98-07722-G-3058, 2000 WL 1930224 (Miss. Workers' Comp. Comm'n Dec. 13, 2000), and *Stewart v. Advertising Network Solutions*, No. 12 09091-M-1844, 2014 WL 266102 (Miss. Workers' Comp. Comm'n Jan. 10, 2014).

¶11. In *Stewart*, the full Commission ruled that "a telephone call placed by [the c]laimant while in Mississippi and followed by a written employment contract in another state does not result in the [c]laimant being hired in Mississippi for purposes of Mississippi Code Annotated section 71-3-109 [(Rev. 2011)]." *Stewart*, 2014 WL 266102, at *2.

¶12. In *Phelps*, the Commission found that although a claimant had been hired in Alabama, she returned to Mississippi to await instructions for her first assignment. *Phelps*, 2000 WL 1930224, at *2. As a result, the Commission found that the claimant was employed in Mississippi, and Mississippi had jurisdiction over her claim. *Id*. at *5.

¶13. Stewart further asserts he was hired in Mississippi because he informed Dynamic that he had found other employment. As a result, he maintains that Fullilove actively pursued his employment after he realized that he had been hired by Macro Companies (Macro) in Louisiana. Stewart contends that his resignation from his job with Macro before reporting to Dynamic creates an inference that he was hired in Mississippi. However, Stewart does not cite any authority supporting this contention. Mississippi caselaw has consistently held

4

that "failure to cite any authority is a procedural bar, and a reviewing court is under no obligation to consider the assignment." *Bishop v. Miss. Dep't of Emp't Sec.*, 145 So. 3d 1254, 1255 (¶4) (Miss. Ct. App. 2014).

¶14. Therefore, we find no error with the Commission's reliance on these orders, and this issue is without merit.

## II.    Whether Stewart was temporarily working outside of Mississippi.

¶15. Because the accident occurred outside of the state of Mississippi, the only manner in which the Commission could possibly obtain jurisdiction over Stewart's claim is found under Mississippi Code Annotated section 71-3-109(1). This section provides:

> If an employee who has been hired or is regularly employed in this state receives personal injury by accident arising out of and in the course of his employment while temporarily employed outside of this state, he or his dependents in case of his death shall be entitled to compensation according to the law of this state. This provision shall apply only to those injuries received by the employee within six months after leaving this state unless, prior to the expiration of such six months' period, the employer has filed with the commission of Mississippi notice that he has elected to extend such coverage a greater period of time.

*Id.*

¶16. Subsection (2) of the statute states that "the provisions of this section shall not apply to an employee whose departure from the state is caused by a permanent assignment or transfer." Miss. Code Ann. §71-3-109(2).

¶17. The facts establish that Stewart's departure from Mississippi was caused by a permanent assignment in Texas. The only contact Stewart had with Mississippi consisted of telephone and computer communications between him and Fullilove while Stewart was

5

located in Mississippi. Moreover, Stewart initiated contact about the possibility of being rehired. After back-and-forth communication between Fullilove and Stewart on social media, Stewart traveled to Texas to present his application for employment and accompanying preemployment paperwork. Stewart even stayed in Dynamic's on-site facility housing until the paperwork had been processed.

¶18. This Court dealt with similar jurisdictional issues in *Rice v. Burlington Motor Carriers Inc.*, 839 So. 2d 602 (Miss. Ct. App. 2003). In *Rice*, "[t]he Commission dismissed Rice's petition to controvert for lack of jurisdiction." *Id*. at 602 (¶1). "[The claimant] was a resident of Pontotoc County when he enrolled in a truck[-]driver training school located in Nashville, Tennessee." *Id*. at (¶2). During a work trip from Indiana to Pennsylvania, he suffered a back injury. *Id*. at 603 (¶2). "The injury occurred in the State of Pennsylvania." *Id*. "After several days of unsatisfactory recuperation, Rice returned to Mississippi where he underwent extensive medical treatment including back surgery." *Id*. Further in *Rice*,

> [The employer] contested the jurisdiction of the Mississippi Workers' Compensation Commission to award compensation benefits under the facts of this case, arguing that there was an insufficient nexus between [Mississippi] and the circumstances of both Rice's employment and his work-related injury to permit the Commission to determine Rice's claim. The Commission agreed and dismissed Rice's petition on that basis without reaching the underlying merits of his claim for benefits.

*Id.* at (¶3).

¶19. We find that Stewart's case is analogous to *Rice*. As a result, Stewart's argument lacks merit.

### III.    Whether the Commission conducted a proper review of the record.

6

¶20. Stewart further asserts that the Commission should have reviewed his claim under the rules set forth for summary judgment in Mississippi Rule of Civil Procedure 56. However, we disagree.

¶21. In its order, the Commission stated that the summary-judgment standards pursuant to Rule 56(c) are not applicable, because the Commission has not adopted the rule. We find no error in this determination. Therefore, this argument is meritless.

### IV. Whether Stewart's workers' compensation claim in Texas impacts Mississippi's jurisdiction.

¶22. Stewart asserts that he may pursue his claim in both Texas and Mississippi. It is undisputed that "more than one statute can apply to a single compensable injury, so long as each state has a relevant interest in the case." *Martin v. L. & A. Contracting Co.*, 249 Miss. 441, 446, 162 So. 2d 870, 872 (1964). The *Martin* court further held that "successive awards can be made in different states, deducting the amount of the first award from the second." *Id*.

¶23. However, Mississippi must first have jurisdiction over the claim. Stewart's accident occurred in Texas. Dynamic's principal place of business is in Texas. Sam Moak, the safety director for Dynamic, signed an affidavit stating that, once hired, drivers at Dynamic utilized the company-owned trucks stored in the yard in Charlotte. Stewart's truck was never kept in Mississippi. Therefore, this issue is without merit.

### V. Whether Dynamic and HDI's motion was filed to delay Stewart's claim and cause hardship and prejudice.

¶24. Stewart asserts that the motion to dismiss was filed to delay litigation of his claim.

As a result, Stewart claims to have suffered economic hardship and a lack of medical treatment. However, the Commission disagreed.

¶25. Stewart offered no substantial evidence to support his assertion that he suffered an undue delay. Stewart only offered medical information concerning his claim under the Texas workers' compensation system. Therefore, we find that there was sufficient evidence for the Commission to dismiss Stewart's petition to controvert for lack of jurisdiction.

¶26. **AFFIRMED.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, CARLTON, FAIR, GREENLEE AND TINDELL, JJ., CONCUR. WILSON, J., NOT PARTICIPATING.**