# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2022-WC-00534-COA

**DANNY WHEELER**                                                    **APPELLANT**

**v.**

**MISSISSIPPI LIMESTONE CORPORATION**                    **APPELLEES**
**AND THE PHOENIX INSURANCE COMPANY**

| | |
|---|---|
| DATE OF JUDGMENT: | 05/24/2022 |
| TRIBUNAL FROM WHICH APPEALED: | MISSISSIPPI WORKERS' COMPENSATION COMMISSION |
| ATTORNEY FOR APPELLANT: | CHRISTOPHER HEDERI NEYLAND |
| ATTORNEY FOR APPELLEES: | MILDRED LENA SABBATINI |
| NATURE OF THE CASE: | CIVIL - WORKERS' COMPENSATION |
| DISPOSITION: | AFFIRMED - 08/15/2023 |
| MOTION FOR REHEARING FILED: | |

**BEFORE WILSON, P.J., WESTBROOKS AND LAWRENCE, JJ.**

**WILSON, P.J., FOR THE COURT**:

¶1.     Danny Wheeler, a Tennessee resident, was injured while working in Louisiana for a company headquartered in Mississippi. Wheeler filed a petition to controvert with the Mississippi Workers' Compensation Commission, but the administrative judge dismissed the case, holding that the Commission lacked subject matter jurisdiction because Wheeler was neither hired nor regularly employed in Mississippi. The full Commission affirmed.

¶2.     On appeal, Wheeler argues that the Commission erred by dismissing the case for lack of subject matter jurisdiction. He also argues that his employer assumed liability for his injury by maintaining workers' compensation insurance under Mississippi's Workers' Compensation Law. For the reasons discussed below, we find no error and affirm.

**FACTS AND PROCEDURAL HISTORY**

¶3.     Mississippi Limestone Corporation is headquartered on the Mississippi River in Friars Point, Mississippi.  Mississippi Limestone hired Wheeler as a superintendent around 1995. Wheeler resides in Tiptonville, Tennessee, and he was hired at Mississippi Limestone's office in Collierville, Tennessee.  During his employment with Mississippi Limestone, Wheeler has never worked on a job site in Mississippi.  Wheeler testified:

> Q.     [I]n your 25 years of working for Mississippi Limestone, have you ever worked inside the [S]tate of Mississippi for them?
>
> A.     No. It's been in Delta, Louisiana or . . . Richardson Landing, Tennessee. . . . [That is] where I done my work.

Wheeler testified that he had received "instructions" by telephone from employees in Friars Point, and he went to Friars Point "sometimes" for "get-togethers" or "to look at equipment" or get equipment.  Wheeler stated that there were only about "five or six" employees in the Friars Point office.  Wheeler's out-of-state work crews averaged about 170 employees.

¶4.     In September 2020, Wheeler was working on a job site in Madison Parish, Louisiana. While Wheeler was helping a coworker change a tire on a piece of heavy equipment, an air gun struck Wheeler's right index finger, causing a deep cut.  Wheeler reported the injury and received basic first-aid at the office at the job site in Louisiana.  Wheeler continued to work for several days, but he developed a serious bacterial infection from "scabbed lesions" on "both hands."  He was hospitalized and then underwent physical therapy.

¶5.     From September 2020 through March 2021, Mississippi Limestone continued to pay Wheeler his normal salary even though he was not working.  Wheeler testified that in January

2

2021, Mississippi Limestone's owner said "he thought it was best for me to retire."[1]

¶6. In February 2021, Wheeler filed a petition to controvert with the Mississippi Workers' Compensation Commission. The Commission sent the petition to Mississippi Limestone and its carrier by certified mail, but neither filed an answer. In October 2021, a hearing was held before the AJ. Wheeler was the only witness, and neither Mississippi Limestone nor its carrier appeared. Following the hearing, the AJ dismissed the case for lack of subject matter jurisdiction. The AJ held that the Commission lacked jurisdiction because Wheeler was neither hired nor regularly employed in Mississippi. The AJ acknowledged that Mississippi Limestone and its carrier failed to file an answer or appear, but the AJ reasoned that "subject matter jurisdiction cannot be waived" and that it is "the duty of the tribunal to dismiss the action" if it lacks jurisdiction. Wheeler filed a petition for review, and the full Commission affirmed. Wheeler then filed a notice of appeal.[2]

## STANDARD OF REVIEW

¶7. Subject matter jurisdiction is a question of law that we review de novo. *State v. Walgreen Co.*, 250 So. 3d 465, 472 (¶20) (Miss. 2018); *see also Rollins v. Hinds Cnty. Sheriff's Dep't*, 306 So. 3d 702, 703 (¶6) (Miss. 2020) ("We review questions of law de novo."). We generally afford substantial deference to the Commission's findings of fact, *see, e.g.*, *Sheffield v. S.J. Louis Constr. Co.*, 285 So. 3d 614, 618 (¶8) (Miss. 2019), but this

---

[1] Wheeler was sixty-nine years old at the time.

[2] Although Mississippi Limestone and its carrier, the Phoenix Insurance Company, failed to file an answer or appear at the hearing before the AJ, their attorney entered an appearance before the full Commission and filed a brief in this Court on appeal.

appeal does not involve any disputed material facts. *See Rice v. Burlington Motor Carriers Inc.*, 839 So. 2d 602, 602 (¶1) (Miss. Ct. App. 2003) ("There is no dispute as to the operative facts of the case. The issue of jurisdiction thus becomes a pure question of law.").

## ANALYSIS

I. **The Commission correctly held that it lacked subject matter jurisdiction.**

¶8.    "Subject matter jurisdiction relates to the power and authority of a court to entertain and proceed with a case. Subject matter jurisdiction cannot be waived, and, if a court lacks subject matter jurisdiction, it must dismiss the action." *Bullock v. Roadway Express Inc.*, 548 So. 2d 1306, 1308 (Miss. 1989). Like a court, the Commission must dismiss any case over which it lacks subject matter jurisdiction. *Id.* The "Commission is an administrative agency created by statute *and it may exercise only the authority granted to it by the Legislature*." *Id.* (emphasis added). The Commission derives its "jurisdiction" solely from the statutes under which it was created. *L. & A. Constr. Co. v. McCharen*, 198 So. 2d 240, 242-43 (Miss. 1967) ("It has long been the settled law that a creature of the legislature, in this case the Workmen's Compensation Commission, must look for its authority and its powers and jurisdiction to the act of its creation . . . .").

¶9.    In general, the Commission lacks jurisdiction over injuries that occurred outside this State. In *Rice*, this Court stated, "Because the injury in this case occurred outside the geographical boundaries of this state, *the only manner in which Mississippi's Compensation Commission could obtain jurisdiction* of [the] claim is found in Section 71-3-109(1) of the Mississippi Code." *Rice*, 839 So. 2d at 603 (¶4) (emphasis added). That statute provides for

4

the extraterritorial application of our Workers' Compensation Law only in the following circumstances:

> If an employee who has been hired or is regularly employed in this state receives personal injury by accident arising out of and in the course of his employment while temporarily employed outside of this state, he . . . shall be entitled to compensation according to the law of this state. This provision shall apply only to those injuries received by the employee within six (6) months after leaving this state unless, prior to the expiration of such six (6) months' period, the employer has filed with the commission of Mississippi notice that he has elected to extend such coverage a greater period of time.

Miss. Code Ann. § 71-3-109(1) (Rev. 2021). Therefore, the Commission cannot exercise jurisdiction over a claim based on an out-of-state injury unless the employee was "hired or is regularly employed in this state." *Id.* Applying this statute in *Rice*, we held that the Commission correctly dismissed the case for lack of jurisdiction because the claimant was hired in another state and was never "regularly employed" in Mississippi. *Rice*, 839 So. 2d at 603-05 (¶¶5-10). The Commission lacked jurisdiction over the claim even though the claimant, a truck driver, was a Mississippi resident and was allowed to take his rig home to Mississippi after his work was complete. *Id.* at 603-04 (¶¶5, 7).

¶10. Similarly, in *Stewart v. Dynamic Environmental Services LLC*, 245 So. 3d 543 (Miss. Ct. App. 2018), this Court stated, "Because the accident occurred outside of the state of Mississippi, *the only manner in which the Commission could possibly obtain jurisdiction* over [the] claim is found under Mississippi Code Annotated section 71-3-109(1)." *Id.* at 546 (¶15) (emphasis added). We held that the Commission properly dismissed that case for lack of jurisdiction because the employee was hired in Texas and was not regularly employed in this State. *Id.* at 545-47 (¶¶2-4, 9-19).

5

¶11. This Court's decisions in *Rice* and *Stewart* are consistent with the Mississippi Supreme Court's decision in *L. & A. Construction*. In that case, the Supreme Court applied section 6998-55(a) of the Mississippi Code of 1942, which was identical to section 71-3-109(1) of the current Code. *See L. & A. Constr.*, 198 So. 2d at 242. The Supreme Court clearly stated that the proper application of the statute was "a question of *jurisdiction* of our Workmen's Compensation Commission." *Id.* at 241 (emphasis added); *see also id.* at 242 ("The only question here involved is whether the Workmen's Compensation Commission of the State of Mississippi had jurisdiction . . . ."). The Supreme Court also emphasized that as "a creature of the legislature, . . . the Workmen's Compensation Commission[] must look for its authority and its powers and jurisdiction to the act of its creation." *Id.* at 242-43. Finally, the Supreme Court held that the Commission properly dismissed the case "for lack of jurisdiction" because the claimant was hired and worked in Tennessee and was never regularly employed in this State. *Id.* at 241-43. Indeed, the Court held that the Commission lacked jurisdiction even though the claimant was at all times a Mississippi resident *and* the employer was at all times "domiciled in the State of Mississippi." *Id.* at 241.

¶12. Under *Rice*, *Stewart*, and *L. & A. Construction*, the AJ and the Commission clearly were correct to dismiss Wheeler's claim for lack of jurisdiction. As discussed above, Wheeler admitted that he was hired in Tennessee and that he was never regularly employed in this State. Indeed, Wheeler makes no argument on appeal that he was either hired or regularly employed in Mississippi. Accordingly, we agree with the Commission that it lacked subject matter jurisdiction over Wheeler's claim.

¶13.    On appeal, Wheeler attempts to distinguish cases such as *Rice*, *Stewart*, and *L. & A. Construction* on a different ground. He argues that in "those cases, the Employer and Carrier appeared before the Commission and objected to the jurisdiction of the Commission." He argues that the Commission has subject matter jurisdiction over "workers' compensation claims" in general and that Mississippi Limestone waived this issue by failing to answer his petition and assert "objections to the jurisdiction of the Commission."

¶14.    Wheeler's argument fails because the Mississippi Supreme Court and this Court have held consistently that this issue is *jurisdictional*—i.e., the Commission lacks *jurisdiction* over out-of-state injuries unless the employee was either hired or regularly employed in this State. *L. & A. Constr.*, 198 So. 2d at 241-42; *Rice*, 839 So. 2d at 603 (¶4); *Stewart*, 245 So. 3d at 546 (¶15). The Commission, as an administrative agency and a creature of statute, possesses only the jurisdiction granted to it by the Legislature. *L. & A. Constr.*, 198 So. 2d at 242-43. The Legislature has not granted the Commission jurisdiction over out-of-state injuries to employees who were neither hired nor regularly employed in Mississippi. *Id.* Moreover, as stated above, "[s]ubject matter jurisdiction cannot be waived[.]" *Bullock*, 548 So. 2d at 1308. If the Commission "lacks subject matter jurisdiction, it must dismiss the action." *Id.* Therefore, the AJ properly raised this issue sua sponte and dismissed the action, and the Commission properly affirmed the AJ's ruling.

## II.    Mississippi Limestone did not assume liability for Wheeler's injury under Mississippi's Workers' Compensation Law.

¶15.    Wheeler also argues that Mississippi Limestone assumed liability for his injury by obtaining an insurance policy to satisfy its obligation to secure workers' compensation

7

insurance under Mississippi's Workers' Compensation Law. Wheeler's argument relies on Mississippi Code Annotated section 71-3-5 (Rev. 2021). That section lists the "employers [that are] subject to the provisions of" the Workers' Compensation Law—in general, most employers with five or more employees—while also exempting certain types of employers and employees. *Id.*; *see* John R. Bradley & Linda A. Thompson, *Mississippi Workers' Compensation Law* § 2:1, at 23 (2022 ed.). A covered employer must secure workers' compensation insurance for compensation payable to covered employees. Miss. Code Ann. § 71-3-7(5) (Rev. 2021). "An exemption means that coverage is not mandatory." Bradley & Thompson, *supra*, § 2:1 at 23 n.10. "When there is a statutory exemption from mandatory coverage[,] . . . another provision [of section 71-3-5] allows an employer to forego the exemption and elect to provide coverage." *Id.* at 23.

¶16. Wheeler relies on the provision in section 71-3-5 that allows an exempt employer to elect to provide coverage for employees. That provision states as follows:

> Employers exempted by this section may assume, with respect to any employee or classification of employees, the liability for compensation imposed upon employers by this chapter with respect to employees within the coverage of this chapter. *The purchase and acceptance by such employer of valid workers' compensation insurance applicable to such employee or classification of employees shall constitute, as to such employer, an assumption by him of such liability under this chapter without any further act on his part notwithstanding any other provisions of this chapter, but only with respect to such employee or such classification of employees as are within the coverage of the state fund.* Such assumption of liability shall take effect and continue from the effective date of such workers' compensation insurance and as long only as such coverage shall remain in force, in which case the employer shall be subject with respect to such employee or classification of employees to no other liability than the compensation as provided for in this chapter.

Miss. Code Ann. § 71-3-5 (emphasis added). Relying on the italicized sentence, Wheeler

8

argues that Mississippi Limestone assumed liability for his injury by securing workers' compensation insurance to satisfy its obligations under Mississippi's Workers' Compensation Law. Mississippi Limestone did obtain such a policy to cover its Mississippi employees.

¶17. Wheeler's argument is contrary to the plain language of the statute and without merit. The statute provides that such an election may be made—and "shall constitute . . . an assumption . . . of . . . liability"—by "[e]mployers *exempted by this section*," *i.e.*, by employers that are exempted *by section 71-3-5*. *Id.* (emphasis added). Mississippi Limestone is *not* exempted from Mississippi's Workers' Compensation Law by any provision of section 71-3-5.[3] Wheeler's claim is not covered by Mississippi's Workers' Compensation Law because it is beyond the scope of the statute and beyond the jurisdiction of the Commission for the reasons explained in Part I of this opinion. The Commission's lack of jurisdiction has nothing to do with section 71-3-5. Accordingly, Mississippi Limestone's insurance policy for its Mississippi employees does *not* constitute an assumption of liability for Wheeler's out-of-state injury.

¶18. This Court reached the same conclusion in *Kimbrough v. Fowler's Pressure Washing LLC*, 170 So. 3d 609 (Miss. Ct. App. 2015). In *Kimbrough*, the Commission dismissed a claim filed by an employee who was injured while engaged in maritime employment covered by the federal Longshore and Harbor Workers' Compensation Act (LHWCA). *Id.* at 611 (¶4). This Court affirmed because Mississippi's Workers' Compensation Law expressly excludes from its provisions maritime employments that are covered by federal law. *Id.* at

---

[3] Exemptions under section 71-3-5 include, for example, "[d]omestic servants, farmers and farm labor." *Id.*

9

(¶6). Therefore, the Commission lacked "jurisdiction" over the claim. *Id.* Similar to Wheeler, the claimant in *Kimbrough* "argue[d] that because [his employer] carried workers' compensation insurance, it assumed coverage of [his] injury." *Id.* at (¶7). But we rejected that argument, holding that because the claim was excluded from the Workers' Compensation Law, his employer did not assume liability for the injury by obtaining workers' compensation insurance. *Id.* at 612 (¶7); *see* Bradley & Thompson, *supra*, § 2:1, at 23 n.10. The same reasoning applies in this case. The Commission does not obtain jurisdiction over an out-of-state claim simply because the employer has a workers' compensation policy in Mississippi.[4]

## CONCLUSION

¶19. The Commission properly dismissed Wheeler's claim for lack of subject matter jurisdiction.

¶20. **AFFIRMED.**[5]

---

[4] We note that accepting Wheeler's argument would effectively grant the Mississippi Workers' Compensation Commission worldwide jurisdiction over any claim filed by any employee of a company that maintains a workers' compensation policy in Mississippi.

[5] The full Commission noted that "a search of the [National Council on Compensation Insurance] coverage verification system indicates that on the alleged date of injury, [Mississippi Limestone] maintained a workers' compensation policy in Louisiana." The coverage verification tool on the Louisiana Workforce Commission's website (https://www.ewccv.com/cvs/) also indicates that Mississippi Limestone had a policy in force in Louisiana on the date of the injury. Wheeler argues that the Louisiana policy is not "relevant to the issues herein." Wheeler also complains that Mississippi Limestone reported his injury to the Louisiana Workforce Commission at some point but "only recently notified counsel for Wheeler" that it had done so. We agree with Wheeler that the Louisiana policy is not relevant to the issues in this appeal, and we express no opinion as to whether he has a viable claim under Louisiana law. We simply hold that the Mississippi Workers' Compensation Commission lacked subject matter jurisdiction over his claim.

**BARNES, C.J., CARLTON, P.J., GREENLEE, WESTBROOKS, LAWRENCE, McCARTY, SMITH AND EMFINGER, JJ., CONCUR. McDONALD, J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION.**